Kenneth J. CHANCE and Betty Chance, his wife, Plaintiffs-Appellants,

v.

COUNTY BOARD OF SCHOOL TRUS-TEES OF McHENRY COUNTY, ILLI-NOIS, a corporation of Illinois,

and

Board of Education of McHenry County Community High School, District No. 156, of the City of McHenry, an Illinois corporation, Defendants-Appellees.

No. 14358.

United States Court of Appeals
Seventh Circuit.

June 10, 1964.

Richard G. Bodenstab, Hugh M. Matchett, Victor M. Theis, Joseph W. Grady, Chicago, Ill., for appellants.

John E. Looze, McHenry, Ill., Albert J. Horrell, Chicago, Ill., for appellees.

A. Howard Borde, Chicago, Ill., for County Bd. of School Trustees of McHenry County, Illinois, for the use and benefit of Bd. of Ed. of McHenry County Community High School, Dist. No. 156, of the City of McHenry and State of Illinois, defendant-appellee.

Before SCHNACKENBERG, KILEY and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

This case involves two jurisdictional questions, one relates to diversity and the other to the presence of a federal question. The appeal is based on errors claimed to have arisen because the district court dismissed the action for lack of jurisdiction. The essential jurisdictional facts follow.

Kenneth J. Chance and his wife, Betty Chance, brought suit in the district court to set aside a judgment which had been entered on August 2, 1957, in the circuit court of McHenry County, Illinois. The judgment was the result of a jury verdict in an eminent domain action brought by the County Board of School Trustees of McHenry County, Illinois. In that proceeding the School Trustees condemned for public purposes the subdivision known as Anderson's Addition to the City of McHenry. The Chances were purchasing on contract one of the lots in the subdivision at the time the condemnation action was started in 1956.

The instant action, filed in the district court in February, 1961, was based on diversity jurisdiction under section 1332 of the Judicial Code, 28 U.S.C. § 1332. Plaintiffs alleged in their complaint that they were citizens of Arizona and that defendants, the School Trustees and the County Board of Education, were citizens of Illinois. The complaint further alleged that the judgment in the eminent domain proceeding was void because the jury verdict, assessing a gross sum of $14,500 as the sum to be paid the owner or owners of the land condemned, did not award separate amounts to the owner or owners of each parcel of the land in the subdivision. The complaint further alleged that the failure to make separate awards of compensation was contrary to the requirements of the Illinois statutes and that plaintiffs were thus deprived of their property without due process of law in violation of the constitution of the State of Illinois and in violation of their rights under the fourteenth amendment to the Constitution of the United States.

The School Trustees moved for leave to bring in as defendants in a counter pleading (called a "cross-claim") to the complaint Dorr Anderson and Dorothy Anderson, the original owners of the entire subdivision and the vendors under contracts to sell certain lots, and Mont L. Anderson, Wanda Lee Anderson, William Lingenfelter, and Betty Lingenfelter, vendees (as were the Chances) under these contracts.[1]

1. The motion recited that it was brought under Fed.R.Civ.P. 13(h) and 14(a).

■ The district court granted the School Trustees leave to file the "cross-claim" against plaintiffs and the additional parties. The so-called cross-claim, which should have been designated a counterclaim, sought to enjoin the Chances, the Dorr Andersons, the Mont Andersons, and the Lingenfelters from instituting or prosecuting any action affecting the judgment entered in the eminent domain proceeding.

Thereafter, the Dorr Andersons, the Mont Andersons, and the Lingenfelters filed what they denominated a "cross-cross-claim" against the School Trustees, the Board of Education, the City of Mc-Henry, and several county officials. This so-called cross-cross-claim was actually a counterclaim to the first counterclaim. The "cross-cross-claim" sought the same relief that the Chances asked for in their complaint, namely, that the judgment in the eminent domain proceeding be declared void. The "cross-cross-claim" also requested that the court declare the Andersons, the Chances, and the Lingenfelters to be the respective owners of the several lots in the subdivision and that it assess damages against the School Trustees "for injury they [the counterclaimants] have sustained, including attorney fees and litigation expenses."

Motions to dismiss the complaint and "cross-cross-claim" were denied by the district court. Thereafter, the School Trustees [2] answered the complaint and the "cross-cross-claim." Subsequently, the School Trustees asked to withdraw their "cross-claim" and again moved for a dismissal of the action. The district court permitted the withdrawal of the pleading and dismissed the action. On motion, the court refused to vacate its order of dismissal and this appeal followed. The Dorr Andersons are the only appellants before this court.[3]

We hold that the dismissal was proper.
*Diversity Jurisdiction.*

Plaintiffs (the Chances) based jurisdiction of the original action on diversity although they alleged violation of their constitutional rights under the fourteenth amendent.

■■ In the "cross-claim" the School Trustees sought injunctive relief based on nonfederal grounds. Both parties concede that the "cross-claim" was not compulsory, at least as to all counter-defendants except plaintiffs. Aside from the parties' views, however, we are of the opinion that the pleading was a permissive counterclaim under federal rule 13(b) rather than a compulsory counterclaim under rule 13(a). A failure to bring a counterclaim, seeking to enjoin further suits, would not be *res judicata* to any subsequent independent suit of that character.

■■ Although a compulsory counterclaim may be interposed without meeting jurisdictional requirements because it is auxiliary to the original action, a permissive counterclaim requires independent jurisdictional grounds. Mc-Naughton v. New York Central R. R., 220 F.2d 835 (7th Cir. 1955). Therefore, ancillary jurisdiction was not available to give the court jurisdiction over the additional counterdefendants, including appellants.

It is thus apparent that since diversity of citizenship was lacking between the additional parties to the counterclaim and the School Trustees, the "cross-claim" provided no jurisdictional foundation for the "cross-cross-claim" and that it had the same jurisdictional infirmity as found in the "cross-claim."

■■ Even ignoring the misnomer and treating the "cross-cross-claim" as a petition to intervene under Fed.R.Civ. P. 24, there is no jurisdictional basis for the "cross-cross-claim" or the complaint. The additional parties in this case must be considered as indispensible rather

2. The term "School Trustees" refers also to the Board of Education.

3. On January 23, 1964, this court entered an order dismissing the appeal as to Kenneth J. Chance and his wife, the Mont Andersons, and the William Lingenfelters for failure to file an appeal bond required by Fed.R.Civ.P. 73(c).

than necessary parties to the original action since the additional parties as well as the plaintiffs had a joint interest in the state court judgment under attack. Therefore, diversity is destroyed since the additional indispensible parties were cocitizens of defendants. City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941); Metropolis Theatre Co. v. Barkhausen, 170 F.2d 481 (7th Cir. 1948); Kentucky Natural Gas Corp. v. Duggins, 165 F.2d 1011 (6th Cir. 1948). A contrary view would provide an easy means to evade diversity jurisdictional requirements.

*Federal Question Jurisdiction.*

Appellants also contend the district court had jurisdiction over the complaint and "cross-cross-claim" under the provisions of section 1331 of the Judicial Code, 28 U.S.C. § 1331, by virtue of the claim that their constitutional rights under the fourteenth amendment had been violated.

Appellants assert that the federal questions presented by the "cross-cross-claim" are two-fold. First, they contend that the eminent domain proceeding deprived them of their property without just compensation and without due process because the state court condemned the entire subdivision as one parcel of land. Appellants assert that a substantial federal question is raised because the judgment did not determine the value of each lot. Second, appellants claim that the State of Illinois violated their constitutional rights by depriving them of appellate review of the eminent domain proceeding because their attempted state court appeals were dismissed on untenable procedural grounds.

■ Although appellants assert a denial of due process by the state court, actually their claim is that the judgment was erroneous. It is evident that the circuit court of McHenry County had jurisdiction over the parties and the subject matter of the condemnation proceeding. Mere error in a judgment entered by a state court having jurisdiction over the parties and the subject matter is not sufficient to raise a federal question under the Constitution. In Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), the Supreme Court, in denying jurisdiction to a federal court to entertain a collateral attack on a state court judgment, said:

"It affirmatively appears from the bill that the judgment was rendered in a cause wherein the circuit court had jurisdiction of both the subject-matter and the parties, that a full hearing was had therein, that the judgment was responsive to the issues, and that it was affirmed by the Supreme Court of the state on an appeal by the plaintiffs. * * * If the constitutional questions stated in the bill actually arose in the cause, it was the province and duty of the state courts to decide them; and their decision, whether right or wrong, was an exercise of jurisdiction. If the decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding. Unless and until so reversed or modified, it would be an effective and conclusive adjudication."

■ The record in the instant case shows that all the questions presented to the district court were raised in the Illinois state courts; further, that appellants received review, having been four times in the Illinois supreme court, once in the Illinois appellate court, and once in the United States Supreme Court which denied certiorari (Anderson v. County Board, 364 U.S. 823, 81 S.Ct. 57, 5 L.Ed.2d 51). We are convinced that appellants did not present a federal question for decision.

■ Appellants also asked the district court to enjoin the judgment of the Illinois state court under 28 U.S.C. § 2283. The district court had no jurisdiction to entertain such a request. Nor does the Declaratory Judgment Act, 28 U.S.C. § 2201, create an independent ground for jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950).

The judgment of dismissal is affirmed.