Alexander LAVASEK, Melvina D. Lavasek, William Lavasek, and Irene Lavasek, Appellants,

v.

T. B. WHITE, State Highway Engineer, John F. Sudderth, L. E. Murray, John Q. Thaxton, Frank Tatsch, Wayne Collins, and County of McKinley, State of New Mexico, Appellees.

No. 7791.

United States Court of Appeals Tenth Circuit.

Jan. 4, 1965.

A. T. Hannett, Albuquerque, N. M. (G. W. Hannett and T. G. Cornish, Albuquerque, N. M., were with him on the brief), for appellants.

Joseph L. Droege and William S. Martin, Jr., Santa Fe, N. M., for appellees.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

LEWIS, Circuit Judge.

In 1956, the State of New Mexico initiated condemnation proceedings against appellants as landowners of property abutting upon U. S. Highway 66 east of Gallup, New Mexico, as part of a program to convert U. S. 66 into a controlled access highway renamed Interstate 40. The asserted rights of appellants affected by the condemnation were fully litigated in the state courts of New Mexico, culminating in the decision of the New Mexico Supreme Court in State ex rel. State Highway Commission v. Lavasek, 73 N.M. 33, 385 P.2d 361. The crux of such decision was that appellants had suffered no compensable injury for loss of access or impaired visibility occasioned by the construction changes under the facts of the case. Review by the Supreme Court of the United States was not sought in the case.

In 1964, appellants filed this action in the United States District Court naming the State Engineer, members of the State Highway Commission, and McKinley County as defendants. Jurisdiction was alleged to exist under 28 U.S.C. § 1331 (federal question) and claim made that appellants had been deprived of property through procedures violative of the Fifth and Fourteenth Amendments of the Constitution of the United States. The federal district court, after discovery proceedings undisputedly established that appellants were defendants in the state court action and that the identical property was the subject of each action, dismissed the complaint as a suit against the State of New Mexico to which the state had not consented and as one presenting issues which were at rest under the doctrine of res judicata. This appeal is taken from the order of dismissal.

The cause was properly dismissed. Appellants were fully heard in the state court action, and they now have no remedy in a federal district court. The state court had jurisdiction of the subject matter and of the parties; no more is required to make the judgment conclusive. Daniels v. Thomas, 10 Cir., 225 F.2d 795, 797, cert. denied, 350 U.S. 932, 76 S.Ct. 303, 100 L.Ed. 815. The substance of the instant action is not changed by naming as defendants the present public officials and a county. The acts complained of are the outgrowth of a condemnation, judicially sanctioned, and remain the acts of the State of New Mexico through a complete privity of parties. Nor does appellants' claim of a denial of constitutional rights alter the situation. As was stated by the United States Supreme Court in Rooker v. Fidelity Trust Co., 263 U.S. 413, at 415, 44 S.Ct. 149, at 150, 68 L.Ed. 556:

"If the constitutional questions stated in the bill actually arose in the cause, it was the province and duty of the state courts to decide them; and their decision, whether right or wrong, was an exercise of jurisdiction. If the decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding. Unless and until so reversed or modified, it would be an effective and conclusive adjudication."

And in Chance v. County Bd. of School Trustees, 7 Cir., 332 F.2d 971, the court, relying on Rooker, affirmed a dismissal of an attack upon a state court judgment in condemnation proceedings. To the same effect, see: O'Connor v. O'Connor, 5 Cir., 315 F.2d 420; Hanna v. Home Ins. Co., 5 Cir., 281 F.2d 298, cert. denied, 365 U.S. 838, 81 S.Ct. 751, 5 L.Ed. 2d 747; Anno., 13 A.L.R.2d, p. 390, § 23 at p. 467.

Appellants assert that they have been denied the equal protection of law because others have been awarded, but they have been denied, compensation under the views of the Supreme Court of New Mexico as set out in Board of County Commissioners of Lincoln County v. Harris, 69 N.M. 315, 366 P.2d 710. The New Mexico Supreme Court distinguishes its decision in Harris upon a determination of fact,[1] which, if in error, cannot be collaterally attacked, Dairy Distributors, Inc. v. Western Conference of Teamsters, 10 Cir., 294 F.2d 348, cert. denied, 368 U.S. 988, 82 S.Ct. 604, 7 L.Ed.2d 525, and in any event does not involve a federal constitutional question. The Fourteenth Amendment does not assure uniformity of judicial decisions. Milwaukee Electric Ry. & Light Co. v. Wisconsin, 252 U.S. 100, 106, 40 S.Ct. 306, 64 L.Ed. 476.

Other contentions made by appellants are equally without merit. Reliance upon England v. Louisiana State Bd. of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440, is misplaced. That case dealt with the proper relationship between state and federal courts in an abstention situation and is not relevant here, where appellants attempt to collaterally attack the judgment of a state court.

The judgment is affirmed.

---

1. State ex rel. State Highway Commission v. Lavasek, 385 P.2d 361, 364.