364 F.2d 816
 Charles C. PATTERSON and Mrs. Eula Patterson Link, Appellants,
v.
CITY OF NEWPORT NEWS, VIRGINIA, Newport News Redevelopment and Housing Authority, Newport News Shipbuilding and Dry Dock Company, and Commonwealth of Virginia, Appellees.
 No. 10333.
 United States Court of Appeals Fourth Circuit.
 Argued May 4, 1966.
 Decided August 8, 1966.
 
 Charles C. Patterson, pro se.
 Harry L. Nachman, Newport News, Va. (Robert V. Beale, Newport News, Va., on brief), for appellee City of Newport News, Va.
 John B. Odell, Newport News, Va. (W. L. Carleton and Saunders, Carleton & Odell, Newport News, Va., on brief), for appellee Newport News Redevelopment & Housing Authority.
 John O. Peters, Richmond, Va. (George R. Humrickhouse, Walter E. Rogers and Williams, Mullen & Christian, Richmond, Va., on brief), for appellee Newport News Shipbuilding & Dry Dock Co.
 Before HAYNSWORTH, Chief Judge, SOBELOFF, Circuit Judge, and FIELD, District Judge.
 PER CURIAM:
 
 
 1
 The plaintiffs sought damages based upon allegations of a wrongful taking of two lots of land and a house in Newport News, Virginia. They claim violations of their constitutional rights and of the procedural requirements of certain statutes.
 
 
 2
 An area, several city blocks in size, in Newport News, Virginia, had been acquired or condemned by the Newport News Redevelopment and Housing Authority upon a basis of a determination that the area was blighted and deteriorating, and that acquisition of the property was necessary for replanning, rehabilitation and reconstruction. Subsequently, a portion of the acquired area, including the two lots theretofore owned by the plaintiffs, was conveyed to the Newport News Shipbuilding and Dry Dock Company for development and use as an automobile parking area.[1]
 
 
 3
 The plaintiffs resisted the condemnation proceedings in the state court. They asserted there the constitutional claims advanced here, including the claim that the Authority had no right to condemn their lots for subsequent sale to the shipyard. From an adverse determination of the trial court, they sought a writ of error in the Supreme Court of Appeals of Virginia. Upon its denial, they sought review in the Supreme Court of the United States, but it dismissed the purported appeal and denied the petition for a writ of certiorari.[2]
 
 
 4
 Thereafter, this action for damages was commenced in the District Court, and dismissed.
 
 
 5
 We must affirm. The state condemnation court had jurisdiction of the subject matter of the action and of the parties, and issues tendered here were not only properly litigable there, they were in fact litigated there. That judgment having become final with the Supreme Court's dismissal of the appeal and denial of certiorari, it is not subject to relitigation in the lower federal courts. Lavasek v. White, 10 Cir., 339 F.2d 861. See, also, Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832; Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362; Norman Lumber Co. v. United States, 4 Cir., 223 F. 2d 868; and Dairy Distributors, Inc. v. Western Conference of Teamsters, 10 Cir., 294 F.2d 348.
 
 
 6
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 At the time of the condemnation proceeding plans had been formulated involving five blocks in the City of Newport News. Two of the blocks, adjacent to that in which the plaintiffs resided, were to be disposed of to the City of Newport News for school purposes and for a municipal off-street parking lot. The other blocks were specified for industrial development. Six months before the beginning of the condemnation proceeding here questioned, public notice of the plan was given in local newspapers and aired at a public hearing. A resolution adopting the plan was approved at a regular meeting of the City Council of the City of Newport News a week later, on June 12, 1961. The fact that the property presently in question was to be conveyed to the Newport News Shipbuilding and Dry Dock Company was before the court in the trial of the condemnation case, which was filed December 8, 1961 and tried March 16, 1962 with final judgment entered May 7, 1962, allowing the condemnation. Since the acquisition pursuant to the plan, two of the blocks were transferred by deed on June 14, 1962 to the City of Newport News. One is in use as a recreation area for a public elementary school. The other is used for public off-street parking. The block in which the plaintiffs formerly resided was advertised in local newspapers for public bids to be submitted by February 15, 1963. The Newport News Shipbuilding and Dry Dock Company submitted the only bid received. A deed to that Company was made, after four and one-half months public notice, on June 6, 1963. The Company has since used the area for shipyard employee's parking
 
 
 [2]
 Patterson v. Newport News Redevelopment and Housing Authority, 372 U.S. 770, 83 S.Ct. 1107, 10 L.Ed.2d 140; Patterson v. City of Newport News, 372 U. S. 771, 83 S.Ct. 1108, 10 L.Ed.2d 140