438 F.2d 92
 Carl HILLIARD, Pressley L. Hilliard, Ruth R. Bookser and
Edward F. Bookser, husband and wife,
v.
COMMONWEALTH OF PENNSYLVANIA acting By and Through the
PENNSYLVANIA GAME COMMISSION and Glenn L. Bowers,
Executive Director of the Pennsylvania
Game Commission.
Carl Hilliard, Appellant in No. 18,766, Pressley L.
Hilliard, Appellant in No. 18,767, Ruth R. Bookser
and Edward F. Bookser, her husband,
Appellants in No. 18,768.
 Nos. 18766-18768.
 United States Court of Appeals, Third Circuit.
 Argued Nov. 17, 1970.
Decided Feb. 4, 1971.
 
 Lee C. McCandless, McCandless, Chew & Krizner, Butler, Pa. (Frank P. Krizner, Butler, Pa., on the brief), for appellants.
 Robert J. Stock, Butler, Pa., for appellee.
 Before HASTIE, Chief Judge, and McLAUGHLIN and ADAMS, Circuit Judges.
 OPINION OF THE COURT
 HASTIE, Chief Judge.
 
 
 1
 These suits were instituted by Pennsylvania landowners to enjoin the Commonwealth of Pennsylvania and the Pennsylvania Game Commission, a state agency, from proceeding with pending state actions for the condemnation of the plaintiffs' land.
 
 
 2
 The state court disposed of the landowners' preliminary objections to the declarations of taking in a way that the landowners characterize as unconstitutional. But in the condemnation action, it still remains for the state court to decide how much the landowners shall be awarded for their land. With the state action in this posture, the landowners are now asking that a federal court restrain the state from 'proceeding with these eminent domain proceedings' because of allegedly unconstitutional rulings already made therein.
 
 
 3
 The district court denied the plaintiffs relief, but on a ground that we do not consider on this appeal. For section 2283 of title 28, United States Code explicitly provides that '(a) court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.' On its face this section seems to preclude the granting of the only relief sought in the present suit.
 
 
 4
 Seeking to avoid this conclusion, the landowners urge that section 2283 is not controlling here because they do not ask that the state court be restrained from taking any action in the pending condemnation action, but only that the condemnors be restrained from persisting with their suit. However, as recently as last Term, the Supreme Court reiterated that 'the prohibition of 2283 cannot be evaded by addressing the order to the parties' rather than directly to the state court. Atlantic C.L.R. Co. v. Brotherhood of Locomotive Engineers, 1970, 398 U.S. 281, 287, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234. Accord, Oklahoma Packing Co. v. Oklahoma Gas & Elec. Co., 1940, 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 447; Hill v. Martin, 1935, 296 U.S. 393, 56 S.Ct. 278, 80 L.Ed. 293.
 
 
 5
 Separately, the appellants also contend that the present proceeding is sanctioned, despite the language of section 2283, by the decision of the Supreme Court in Allegheny County v. Frank Mashuda Co., 1959, 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed.2d 1163. However, the decisive distinction between that federal suit by a plaintiff whose land had been condemned and this one is made clear by the following excerpt from the opinion of the Supreme Court:
 
 
 6
 'The respondents' suit in the District Court was for a judgment of ouster. They abandoned the claim for an injunction against the state court and against the County. It follows that 2283 would not bar the relief requested in the District Court.' 360 U.S. at 198, 79 S.Ct. at 1068.
 
 
 7
 Thus, it was only because the plaintiff in Mashuda sought relief other than an injunction against a state proceeding that section 2283 did not bar the remedy.
 
 
 8
 No other avenue of escape from the bar of section 2283 had been pointed out by the appellants and we have discovered none. 'We must be scrupulous in our regard for the limits within which Congress (in section 2283) has confined the authority of the courts of its own creation.' Toucey v. New York Life Ins. Co., 1941, 314 U.S. 118, 141, 62 S.Ct. 139, 148, 86 L.Ed. 100.
 
 
 9
 The order dismissing the complaint will be affirmed, but it shall stand as no more than an adjudication that section 2283 prohibits the granting of the relief sought.