The **CONNELLY FOUNDATION**

v.

The **SCHOOL DISTRICT OF HAVER-FORD TOWNSHIP.**

Civ. A. No. 70–2949.

United States District Court,
E. D. Pennsylvania.

Feb. 18, 1971.

R. J. Jackson, Chester, Pa., for plaintiff.

G. S. Saulnier, Media, Pa., Morgan, Lewis & Bockius, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

On October 26, 1970, the plaintiff filed in this Court a complaint alleging that on November 10, 1967, the defendant filed a declaration of taking under and pursuant to the provisions of the Pennsylvania Eminent Domain Code, condemning premises or property owned by the plaintiff in Haverford Township, Delaware County, Pennsylvania. The plaintiff seeks (1) a permanent injunction enjoining defendant from taking the property in question, (2) a mandatory injunction requiring the defendant to remove the cloud upon plaintiff's property created by or resulting from the filing of the declaration of taking, (3) a declaration that the failure of the defendant to post bond or give other adequate security is violative of the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, (4) a declaration that plaintiff's property is exempt from condemnation, (5) such other relief as the Court may deem appropriate.

On January 11, 1971, the defendant filed a motion to dismiss and for summary judgment contending that the issues here involved have been previously adjudicated.

From the motion duly verified and the exhibits attached, it is evident that the issues here involved have, since the filing of the declaration of taking on or about November 10, 1967, been the subject of extended litigation. In accordance with the procedures prescribed by the Pennsylvania Eminent Domain Code, the plaintiff filed preliminary objections to the declaration of taking. Among others, the plaintiff contended that the property was exempt from condemnation, that the security was insufficient, that the taking was unconstitutional, and, as here, sought a decree that the taking was invalid, illegal, unconstitutional and praying that it be stricken and removed as a cloud upon condemnee's title. It thus becomes apparent that the issues here involved were properly raised in the prior proceeding. Those issues were resolved by the Court of Common Pleas of Delaware County on January 23, 1969, when extended findings of fact and conclusions of law were filed and, after discussion, a decree was entered dismissing the preliminary objections in question. (See copy of the Court's findings, conclusions, discussion and decree attached to defendant's motion.)

An appeal was thereafter taken to the Supreme Court of Pennsylvania. In an opinion filed on April 22, 1970, In re School District of Haverford Township, 437 Pa. 536, 264 A.2d 679, the order entered by the Delaware County Court was affirmed. (See copy of Supreme Court's opinion attached to defendant's motion.) Thereafter, the plaintiff filed an appeal with the Supreme Court of the United States and on or about October 12, 1970, 400 U.S. 807, 91 S.Ct. 59, 27 L.Ed.2d 37, said appeal was dismissed for want of jurisdiction and treating same as a petition for a writ of certiorari, said writ was denied. (See paragraph 5 of plaintiff's duly verified motion.)

Reference to the opinion of the Supreme Court of Pennsylvania discloses,

even upon cursory examination, that the issues here raised by the plaintiff by way of its complaint were previously considered in depth, carefully litigated and properly adjudicated. For example, the plaintiff there contended that its property is exempt from condemnation by reason of Section 721 of the Public School Code of the Commonwealth of Pennsylvania which exempts from condemnation, inter alia, property belonging to a "religious" association. After full discussion of plaintiff's articles of incorporation or association, its activities over the years, and its internal structures, the Court concluded that plaintiff "is a charity, not a religious association". (See page 682 of 264 A.2d.) Thus, the issue in question has been litigated.

In like manner, the plaintiff's contention that its property is being taken or condemned in violation of the Fourteenth Amendment was likewise litigated. The question was squarely put to both the Delaware County Court and the Supreme Court of Pennsylvania. Plaintiff's contention, in this regard, that the pledge of the condemnor's taxing power is constitutionally insufficient and inadequate, was squarely rejected by the Supreme Court. Thus, plaintiff's contention that the condemnation proceedings in question "do not afford plaintiff a reasonable certainty of payment of just compensation", (see paragraph 3 of plaintiff's complaint) has been adjudicated. The Supreme Court, discussing this question, said as follows at page 682 of its opinion: "We agree with the court below. The pledge of the school district's taxing power is sufficient se-

curity to pay appellant just compensation and to fulfill the requirements of due process". In like manner, other contentions advanced by plaintiff were considered and adjudicated.[1]

Plaintiff's answer to defendant's "motion to dismiss and for summary judgment" (Document No. 5) is brief and in its entirety reads as follows:

"The issues presented in this action never have been heard upon their merits and finally decided upon by any Federal Court. Accordingly, plaintiff has the right to have a hearing and determination by this Court on the issues presented.

"WHEREFORE, the plaintiff, The Connelly Foundation, respectfully moves this Honorable Court to dismiss Defendant's Motion to Dismiss and For Summary Judgment and allow the matter to proceed for full hearing on the merits."

The plaintiff thus suggests that it is entitled to a decision "on the merits" by a "Federal Court" and that it accordingly has the right to have a determination made by "this Court" and, therefore, requests that defendant's motion to dismiss be denied. Memorandum submitted by the plaintiff in opposition to the defendant's motion adds only the allegation that the "present record is insufficient to support the grant of a motion". It is self-evident that the present record is insufficient upon which to base a decision upon the merits. The merits, however, are not before us. Properly before us is defendant's motion to dismiss which is the proper procedure by which to raise the defense of res judica-

---

1. In paragraph IV of plaintiff's complaint it states: "The defendant would not exercise its powers of eminent domain to take property being used by an orthodox religion for religious purposes and therefore if defendant is permitted to take the property here involved, such taking would result in a violation of the Equal Protection Clause of the Fourteenth Amendment * * *". But the answer to this lies in the fact that after full hearing and argument, it has been decided by both the Delaware County Court and the Supreme Court of Pennsylvania that the plaintiff is not a "religious" association. The plaintiff thus suggests, in paragraph IV of its complaint, a denial of equal protection, but in the prayer of its complaint asserts only violation of "due process". (See paragraph C of the prayer contained in the complaint.) The suggestion of a denial of the equal protection of the law, although not pursued in the prayer of the complaint, appears, in any event, to be without merit.

ta. Williams v. Murdoch, 330 F.2d 745 (3rd Cir. 1964.) The plaintiff argues (see page 2 of plaintiff's brief):

" * * * Plaintiff will contend in these proceedings that it is entitled to have a Federal Court fully hear and pass upon the constitutional issues raised herein. Plaintiff realizes that existing case law may militate against this position, however, it is plaintiff's contention that any such existing case law is erroneous and should therefore either be overruled or held to be inapplicable to the situation here presented."

In like situations, the Federal courts have repeatedly held that the condemnee does not have the right to re-litigate the matter in the Federal courts. In the case of Patterson v. City of Newport News, Virginia, 364 F.2d 816 (4th Cir. 1966) the Court said as follows at page 818:

"We must affirm. The state condemnation court had jurisdiction of the subject matter of the action and of the parties, and issues tendered here were not only properly litigable there, they were in fact litigated there. That judgment having become final with the Supreme Court's dismissal of the appeal and denial of certiorari, it is not subject to relitigation in the lower federal courts. Lavasek v. White, 10 Cir., 339 F.2d 861. See, also, Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832; Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362; Norman Lumber Co. v. United States, 4 Cir., 223 F.2d 868; and Dairy Distributors, Inc. v. Western Conference of Teamsters, 10 Cir., 294 F.2d 348."

Likewise, see Ash v. Northern Illinois Gas Company, 362 F.2d 148 (7th Cir. 1966); Hilliard v. Commonwealth of Pennsylvania, 308 F.Supp. 756 (W.D. Pa.1970). The doctrine of res judicata is conclusive not only as to questions actually raised and considered, but to questions which could have been raised and considered in the prior proceedings.

In Grubb v. Public Utilities Commission of Ohio, 281 U.S. 470, at pages 478 and 479, 50 S.Ct. 374, at page 378, 74 L.Ed. 972 (1930), the Court said as follows:

"The thing presented for adjudication in the case in the state court was the validity of the order, and it was incumbent on the appellant to present in support of his asserted right of attack every available ground of which he had knowledge. He was not at liberty to prosecute that right by piecemeal, as by presenting a part only of the available grounds and reserving others for another suit, if failing in that. Werlein v. New Orleans, 177 U.S. 390, 398, et seq. [20 S.Ct. 682, 44 L.Ed. 817]; United States v. California and Oregon Land Co., 192 U.S. 355, 358 [24 S.Ct. 266, 48 L.Ed. 476].

"As the ground just described was available but not put forward the appellant must abide by the rule that a judgment upon the merits in one suit is res judicata in another where the parties and subject matter are the same, not only as respects matters actually presented to sustain or defeat the right asserted, but also as respects any other available matter which might have been presented to that end. Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 319 [47 S.Ct. 600, 71 L.Ed. 1069]; United States v. Moser, 266 U.S. 236, 241 [45 S.Ct. 66, 69 L. Ed. 262]; Cromwell v. County of Sac, 94 U.S. 351, 352 [24 L.Ed. 195]."

Likewise see Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947); Wilke & Holzheiser, Inc., v. Reimel, 266 F.Supp. 168 (N.D.Calif. 1967); Hochman v. Mortgage Finance Corporation et al., 289 Pa. 260, 137 A. 252 (1927); Williamson v. Columbia Gas & Electric Corp., 186 F.2d 464 (3rd Cir. 1950); In re Wallace's Estate, 316 Pa. 148, 174 A. 397 (1934).

■ The record before us is clearly sufficient upon which to consider the defendant's motion to dismiss. All issues which plaintiff here seeks to adjudicate were previously litigated in the Dela-

ware County Courts, in the Supreme Court of Pennsylvania, and certiorari denied by the Supreme Court of the United States. (Compare Patterson v. City of Newport News, Virginia, *supra*). We are compelled to grant the defendant's motion to dismiss.