**Helen Baker ATKINS et al., Plaintiffs,**

v.

**SCHOOL BOARD OF HALIFAX COUNTY, Defendant.**

**Civ. A. No. 74-27.**

United States District Court,
W. D. Virginia,
Danville Division.

Aug. 9, 1974.

Robert C. Fitzgerald, Fitzgerald & Smith, Fairfax, Va., Fred S. Black, South Boston, Va., for plaintiffs.

William B. Poff, Woods, Rogers, Muse, Walker & Thornton, Roanoke, Va., Don P. Bagwell, Tuck, Bagwell, Dillard, Mapp & Nelson, Halifax, Va., for defendant.

OPINION and ORDER

TURK, Chief Judge.

This suit is brought by five plaintiffs who formerly owned approximately 17½ acres of land in Halifax County, Virgin-

ia which was acquired by the defendant, School Board of Halifax County, by eminent domain. Plaintiffs here contend that the manner and procedure utilized by the defendants in acquiring this property was in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States by denying them due process of law and just compensation. The case is now before the court pursuant to defendant's motion to dismiss which is predicated on the following contentions: (1) That this court does not have jurisdiction over the subject matter of the action; and (2) that the complaint fails to state a claim upon which relief can be granted in that the issues raised are barred by the doctrine of *res judicata*.

According to plaintiff's complaint, defendants sought to purchase the tract of land in question by an offer of $1000 per acre to Claude Atkins, one of the five plaintiffs. This offer was refused and condemnation proceedings were begun pursuant to § 22–149 of the Code of Virginia, as amended. The case was tried in the Circuit Court of Halifax County, and the Commissioners awarded the owners $25,535 for the land; a motion to set aside the award was denied and the court entered a final order on August 24, 1973. Plaintiffs sought an appeal from the Supreme Court of Virginia which was denied on March 8, 1974; plaintiffs then filed a petition for reconsideration and rehearing which was denied on April 22, 1974. The present suit was filed in this court on May 20, 1974. For the alleged denial of due process of law and just compensation, plaintiffs ask this court to void the aforementioned condemnation proceedings and additionally award them damages of $50,000 for the expenses incurred in pursuing this litigation.

I

■ Defendants contend that plaintiffs' complaint is in effect an appeal from the Virginia Supreme Court or an improper collateral attack on the judgment of the state courts, and as a consequence this court is without jurisdiction. Counsel for plaintiffs asserts that this court has jurisdiction because the complaint alleges violations of the Fifth and Fourteenth Amendments, but it is clear that the Constitution does not confer jurisdiction on district courts; and Rule 8(a) of the Federal Rules of Civil Procedure requiring a statement of jurisdiction contemplates reference to a federal statute. Counsel for plaintiffs does refer to "federal question jurisdiction" in his memorandum of law and the court will accordingly treat the complaint as relying on Title 28 U.S.C. § 1331.

■ Although the defendants have cited cases, the language of which strongly supports their jurisdictional challenge, e. g. Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); Chance v. County Board of School Trustees of McHenry County, 332 F.2d 971 (7th Cir. 1964), the term "jurisdiction" in these cases is rather loosely applied. Since plaintiffs have alleged a violation of their constitutional rights and the requisite jurisdictional amount in controversy, the court is of the opinion that jurisdiction technically exists in this case, see Joe Louis Milk Co. v. Hershey, 243 F.Supp. 351 (N.D.Ill.1965); and that defendants' arguments are more appropriately applicable to the issue of whether the complaint fails to state a claim upon which relief may be granted. This distinction was recognized in Bell v. Hood, 327 U.S. 678 at 682–683, 66 S.Ct. 773 at 776, 90 L.Ed. 930 (1946) where the Court stated:

> "Jurisdiction, therefore, is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided

after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction. [citations omitted]. The previously carved out exceptions are that a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous. The accuracy of calling these dismissals jurisdictional has been questioned."

## II

Plaintiffs' Fifth and Fourteenth Amendment claims are based on certain alleged irregularities in the state trial court proceedings. Their complaint specifically alleges that the offer to purchase the property in question was made to only one of the five owners, which was not in compliance with § 25–46.5 of the Virginia Code, as amended; that the property acquired was part of an additional 75 acres acquired by defendants, whereas at the time of the offer § 22–149 prohibited a school board from acquiring more than 30 acres; that at the time of acquisition and trial, defendants had no definite plan for use of the property acquired; and that the trial court refused to allow plaintiffs to introduce a site plan to rebut certain of defendants' evidence. There is no dispute that each of these alleged errors, as well as others, were presented in the trial court and on appeal to the Virginia Supreme Court.

Furthermore, the contention that plaintiffs now assert here, namely that these errors resulted in a taking of property without just compensation and due process of law, was presented to the Virginia Supreme Court.[1]

■■ It is clear from the allegations now presented, when considered in light of the prior state court proceedings, that the complaint must be dismissed on grounds of *res judicata*. The courts of Virginia had subject matter jurisdiction and jurisdiction of the parties to determine whether the taking of plaintiffs' property satisfied the federal constitutional standards of due process and just compensation. Following the rejection of these claims by the Virginia Supreme Court, plaintiffs could have sought review in the United States Supreme Court of their federal constitutional contentions, 28 U.S.C. § 1257; but the law is clear that they may not relitigate their case through the entire federal system merely because constitutional claims are in issue. See Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947); Rooker v. Fidelity Trust Co., 263 U.S. 413, 46 S.Ct. 354, 70 L.Ed. 771 (1923).

The case of Resolute Insurance Co. v. State of North Carolina, 397 F.2d 586 (4th Cir.), cert. denied, 393 U.S. 978, 89 S.Ct. 446, 21 L.Ed.2d 439 (1968) is virtually dispositive of the case at bar. In that case, the plaintiff insurance company brought suit in federal court to enjoin the sale of certain of its securities to satisfy state court judgments resulting from the forfeiture of appearance bonds on which it was surety. Plaintiff had unsuccessfully challenged the forfeiture through the North Carolina courts and on petition for certiorari in the Supreme Court. In affirming the dismis-

1. Plaintiffs here assert that their federal constitutional claims were not presented to the state courts, but in their Petition for Appeal to the Virginia Supreme Court, they state under "Assignment of Error No. 5." "The award of the commissioners should have been set aside since the commission-

ers were deprived of material evidence on behalf of the owners, which, together with other prejudicial rulings of the court resulted in the taking of the owners property without just compensation and due process of law." `

sal by the United States District Court, the Fourth Circuit stated:

> "The doctrine of *res judicata* is applied in federal courts with respect to matters previously adjudicated in a state court of competent jurisdiction. While a federal court may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident or mistake, there is no basis in the instant case for such an attack:" 397 F.2d at 589 (footnote omitted).

Even more in point because of the similar factual context is the case of Patterson v. City of Newport News, 364 F.2d 816 (4th Cir.), cert. denied, 385 U. S. 650, 87 S.Ct. 767, 17 L.Ed.2d 670 (1966), in which plaintiffs sought damages for alleged constitutional violations resulting from condemnation of their property. As in the case at bar, plaintiffs litigated the condemnation through the state courts and there asserted their constitutional claims. In addition, plaintiffs had petitioned the U. S. Supreme Court for a writ of certiorari which had been denied. On appeal from a dismissal by the district court, the Fourth Circuit stated:

> "The state condemnation court had jurisdiction of the subject matter of the ·action and of the parties, and issues tendered here were not only properly litigable there, they were in fact litigated there. That judgment having become final with the Supreme Court's dismissal of the appeal and denial of certiorari, it is not subject to relitigation in the lower federal courts." 364 F.2d at 818.

To the same effect are Connelly Foundation v. School District of Haverford Township, 326 F.Supp. 241 (E.D.Pa. 1971), aff'd, 461 F.2d 495 (3rd Cir. 1972); Lavasek v. White, 339 F.2d 861 (10th Cir. 1965). Accord, Hilliard v. Commonwealth of Pennsylvania, 308 F. Supp. 756 (W.D.Pa.1970), aff'd on other grounds, 438 F.2d 92 (3rd Cir. 1971).

Plaintiffs would avoid the overwhelming authority supporting the application of *res judicata* principles to this case by arguing that their federal constitutional claims were never litigated in the state courts, but rather that the state courts were alerted to these claims in order to preserve them for later federal decision. Petitioners would thus liken this case to an abstention situation in which federal claims are reserved as in England v. Louisiana Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964). The short answer to this argument is simply that the petition for appeal to the Virginia Supreme Court presented the precise issues of just compensation and due process as are now asserted here, and did so without reservation.[2] But in any case, the conditional *res judicata* established in *England,* supra has no application in the context of this challenge to the state court judgment, Lavasek v. White, supra at 863; see P I Enterprises, Inc. v. Cataldo, 457 F.2d 1012 (1st Cir. 1972).

Plaintiffs have had their day in court and cannot now relitigate their claims here. Accordingly, it is adjudged and ordered that defendants' motion to dismiss is granted and plaintiffs' complaint is dismissed with prejudice.

---

2. Even if plaintiffs had not raised the federal constitutional claims as such in the state courts, the ·court is confident that they would nevertheless be estopped from relitigating the issues of just compensation and due process here. This is so because in applying the doctrine of *res judicata* "the inquiry is whether the point or question presented for determination in the subsequent action is the same as that litigated and determined in the original action." United States v. Moser, 266 U.S. 236 at 241, 45 S.Ct. 66, at 67, 69 L.Ed. 262 (1924).

See also Grubb v. Public Utilities Commission, 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972 (1930). Obviously, the issue of just compensation, whether stated in terms of state or federal law, was the essence of the state court proceedings; and the process which was due in arriving at that determination was put in issue by plaintiff's counsel throughout the state court proceeding and later on direct appeal. Clearly, plaintiffs are here seeking to relitigate precisely what was litigated earlier.