Joseph SORGER

v.

PHILADELPHIA REDEVELOPMENT AUTHORITY OF the CITY OF PHILADELPHIA and Franklin Town, Inc.

C.A. No. 75-2406.

United States District Court, E. D. Pennsylvania.

Sept. 26, 1975.

David Freeman, Philadelphia, Pa., for plaintiff.

Peter A. Galante, Gen. Counsel, Redevelopment Authority of the City of Philadelphia, William T. Steerman, Sp. Counsel, R.D.A. of Philadelphia, Philadelphia, Pa., for defendants.

Michael Churchill, Philadelphia, Pa., for Franklin Town Corp.; Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., of counsel.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

Plaintiff in this case is seeking an injunction which will restrain the defendants from obtaining possession of their property which is located in the Frank-

lin Town area of the City of Philadelphia. The plaintiff's property was condemned for redevelopment as part of what is known as the Franklin Town Project and the plaintiff asks this Court to set aside the state condemnation proceeding. The plaintiff alleges three causes of action arising under the United States Constitution and contends that this Court has jurisdiction of these federal questions pursuant to 28 U.S.C. § 1331.

Presently before the Court is the defendants' Motion to Dismiss or for Summary Judgment. Plaintiff filed the above captioned complaint [1] on August 2, 1975 and on the same date filed a Motion for Injunction.[2] On August 27, 1975, this Court ordered that pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure, the trial of the action on the merits would be advanced and consolidated with the hearing on the motion and scheduled the trial for September 8, 1975. On September 5, 1975, the defendants filed their Motion to Dismiss or for Summary Judgment.[3] At the hearing held on September 8, 1975, the Court heard argument from all counsel in connection with the defendants' motion and determined that it would rule on the motion before taking testimony. We now grant the defendants' Motion to Dismiss.

The Redevelopment Authority of the City of Philadelphia (RDA) filed a Declaration of Taking on April 26, 1973 seeking the condemnation of 37 parcels aggregating approximately five acres of land located in what is known as the Franklin Town area of the City of Philadelphia. The plaintiff, Joseph Sorger, owned one of the parcels condemned in the state court proceeding. The plaintiff was one of 81 objectors who, on May 25, 1973, filed preliminary objections to the condemnation proceedings in the Court of Common Pleas of Philadelphia County. The preliminary objections contained 47 objections which challenged both the constitutionality and the propriety of the proposed condemnation. Among the grounds asserted in the preliminary objections were: (1) that the taking was not for a public purpose;[4] (2) that the bond furnished by Franklin Town Corporation did not comply with that required by the City's authorizing ordinance;[5] and (3) that the objectors were deprived generally of their federal rights.[6] Judge Takiff of the Common Pleas Court of Philadelphia County held an extensive hearing on the objector's preliminary objections and dismissed all the preliminary objections in an exhaustive 48 page opinion filed on July 24, 1974.

The plaintiff then appealed Judge Takiff's dismissal to the Commonwealth Court of Pennsylvania on the grounds that : (1) the taking by RDA was for a private rather than a public purpose; (2) RDA acted in an arbitrary and capricious manner; and (3) the bond posted by RDA and Franklin Town Corporation was improper. On May 27, 1975, the Commonwealth Court unani-

---

1. The complaint was originally filed on behalf of eleven plaintiffs. However, prior to the hearing on September 8, 1975, all the plaintiffs except Joseph Sorger withdrew from the lawsuit. Pursuant to an agreement between counsel, said withdrawal was permitted without prejudice. In a separate Order, the Court permitted the withdrawal of these plaintiffs without prejudice.

2. The Court has treated the plaintiff's Motion for Injunction as a Motion for a Preliminary Injunction.

3. Plaintiff argued that the defendants' Motion to Dismiss or for Summary Judgment should be dismissed as not in compliance with Local Rule 36 of this Court in that the plaintiff was not afforded five days notice prior to the filing of the motion. However, the Court allowed counsel for the plaintiff ten days to file briefs in connection with the Motion following oral argument. Any prejudice to the plaintiff from the failure of the defendants to comply with Local Rule 36 has therefore been corrected.

4. Paragraph 8 of the Preliminary Objections.

5. Paragraphs 9, 12, 18, 19, 20 and 25 of the Preliminary Objections.

6. Paragraph 31 of the Preliminary Objections.

mously affirmed the dismissal of the preliminary objections by the Court of Common Pleas. The Commonwealth Court, in its opinion, found that the taking by RDA was for the public purpose of removing blight, that the actions of RDA were not arbitrary and capricious and that the security posted by RDA and Franklin Town Corporation was sufficient under both the Eminent Domain Code and the Ordinance of City Council which authorized the condemnation of the Franklin Town properties. The objectors then sought review by the Supreme Court of Pennsylvania, which Court refused to review the decision of the Commonwealth Court in an Order dated July 25, 1975. No petition for certiorari has been filed with the Supreme Court of the United States although the period in which the plaintiff may do so has not expired.

On December 19, 1974, after Judge Takiff's opinion dismissing all preliminary objections, Judge Hirsh of the Court of Common Pleas issued a Writ of Possession for the plaintiff's property. This order was likewise appealed to the Commonwealth Court, before which the appeal was pending in connection with Judge Takiff's dismissal of the preliminary objections. On February 5, 1975, the Writ of Possession was withdrawn pursuant to a stipulation of the parties and RDA agreed not to again petition for a Writ of Possession until the Commonwealth Court had ruled on the dismissal by Judge Takiff of the preliminary objections. Following the opinion of the Commonwealth Court affirming Judge Takiff's dismissal, RDA renewed its request for possession of the plaintiff's property, and on July 23, 1975, Judge Hirsh of the Court of Common Pleas again granted the requested Writ of Possession conditioned upon the payment into court of the estimated just compensation of $53,500.00. The esti-

mated compensation was paid into court on August 8, 1975. An appeal from Judge Hirsh's order is presently pending before the Commonwealth Court.

Plaintiff in this action contends that his federal constitutional rights have been violated in that: (1) the condemnation was not made for a public purpose as required by the laws of Pennsylvania and the Constitution of the United States;[7] (2) the bond furnished by Franklin Town Corporation was not in compliance with the Ordinance of the City of Philadelphia, thereby depriving the plaintiff of equal protection of the laws;[8] (3) the Writ of Possession was issued by the court despite the fact that RDA and Franklin Town Corporation failed to provide for the relocation of the plaintiff, thereby depriving him of equal protection of the laws.[9] The plaintiff seeks an order from this Court which will set aside the condemnation proceedings, declare that the plaintiff is the owner of his property and enjoin the defendants from proceeding with condemnation and eviction procedures.

Defendants contend that the principles of res judicata require dismissal of this action.[10] The rule of res judicata was stated by our Third Circuit in *Anselmo v. Hardin*, 253 F.2d 165, 168 (1958) as follows:

A final judgment by a court of competent jurisdiction is res judicata as to the parties not only as to all matters litigated and determined by such judgment but also as to all relevant issues which could have been presented, but were not.

See also, *Angel v. Bullington*, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947); *Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948); *Donegal Steel Foundry Co. v. Accurate Products Co.*, 516 F. 2d 583 (3d Cir. 1975); *Roy v. Jones*,

---

7. Plaintiff's Complaint, ¶ 6.

8. Plaintiff's Complaint, ¶ 7.

9. Plaintiff's Complaint, ¶ 9.

10. The defense of res judicata can be appropriately raised in a motion to dismiss. *Williams v. Murdock*, 330 F.2d 745 (3d Cir. 1964).

483 F.2d 96 (3d Cir. 1973). A review of the record in the state court reveals that the plaintiff raised in the condemnation proceedings the issue as to whether the condemnation was for a public purpose as well as the issue concerning the legality of the bond.[11] Both of these issues were fully treated by Judge Takiff of the Court of Common Pleas in his opinion dismissing the preliminary objections, as well as by the Commonwealth Court in its opinion affirming said dismissal. The plaintiff than sought review by the Supreme Court of Pennsylvania, which refused to hear the case. The plaintiff still may petition for certiorari to the Supreme Court of the United States upon those issues. We find these two issues to be identical to two of the three issues raised by the plaintiff in the proceeding before this Court. Therefore, the principle of res judicata clearly precludes the relitigation of these two issues.

█ The third issue raised by the plaintiff in the proceeding before this Court claims that RDA had a duty to provide for the relocation of the plaintiff. We find that this is a relevant issue which could have been presented and raised by the plaintiff in the state court litigation. Therefore, the principle of res judicata clearly precludes the relitigation of this issue.

Other federal courts have reached similar conclusions in connection with condemnation proceedings which have been fully litigated in a state court. In *Hilliard v. Commonwealth of Pennsylvania*, 308 F.Supp. 756 (W.D.Pa.1970), a case which had the same procedural history as the instant litigation, the United States District Court for the Western District of Pennsylvania held that the prior adjudication in the state eminent domain proceeding, which was affirmed on appeal by the Supreme Court of Pennsylvania, foreclosed the plaintiffs

from relitigating in federal court the constitutional claims. Similarly, in another condemnation case in which the plaintiff sought to relitigate the state condemnation in the federal court, my learned colleague, Judge Troutman, said:

> In like situations, the Federal courts have repeatedly held that the condemnee does not have the right to re-litigate the matter in the Federal courts. . . . The doctrine of res judicata is conclusive not only as to questions actually raised and considered, but to questions which could have been raised and considered in the prior proceedings.

*Connelly Foundation v. School District of Haverford Township*, 326 F.Supp. 241, 244 (E.D.Pa.1971). See also, *Ash v. Northern Illinois Gas Company*, 362 F.2d 148 (7th Cir. 1966); *Patterson v. City of Newport News, Virginia*, 364 F. 2d 816 (4th Cir. 1966).

█ The plaintiff contends that since Franklin Town Corporation was not a party to the state eminent domain proceeding, it cannot raise the defense of res judicata. However, the doctrine of res judicata binds all parties who are in privity with the parties to an action. The defense of res judicata is equally available to parties and their privy. 1B *Moore's Federal Practice*, ¶ 0.411[1], at 1252 (2d Ed.1974). Franklin Town's contract with RDA designates Franklin Town Corporation as developer and places on RDA the obligation to assist Franklin Town Corporation in procuring the properties involved in the project. Therefore, Franklin Town Corporation is in privity with RDA and entitled to raise the res judicata defense. Furthermore, condemnation is an *in rem* proceeding and judgments rendered therein effecting title to the property are binding upon everyone. *Restatement of Judgments,* Section 83, 89, 90.

---

11. Section 406 of the Pennsylvania Eminent Domain Code afforded the plaintiff the opportunity to raise any and all defenses to the condemnation proceeding by way of preliminary objections. 26 P.S. 1–406.

■■ In addition, the federal anti-injunction statute [12] absolutely prohibits a federal court from staying a state court proceeding unless the matter falls within one of three prescribed statutory exceptions. In so holding, the United States Supreme Court in *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers* [13] said:

> On its face the present Act is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions. . . . [A]ny injunction against state court proceedings otherwise proper under general equitable principles must be based on one of the specific statutory exceptions to § 2283 if it is to be upheld. . . . Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately this Court.
>
> . . . . . .
>
> . . . Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy. The explicit wording of § 2283 itself implies as much, and the fundamental principle of a dual system of courts leads inevitably to that conclusion.[14]

Plaintiff's prayer for relief in this case requests the Court to:

> set aside the condemnation proceedings, declare that the plaintiffs are the owners of their respective properties, and that temporarily pending this action and permanently thereafter, defendants be enjoined from proceeding with condemnation and eviction procedures.

The plaintiff is asking this Court to enjoin the condemnation proceeding in the state court. Such an order would interfere with the orderly administration of justice in the state court. Plaintiff has alleged the existence of an issue arising under federal law and has based federal jurisdiction on 28 U.S.C. § 1331. The federal anti-injunction statute clearly bars interference with state judicial proceedings and an action brought in federal court alleging a federal question is not a recognized exception to the anti-injunction statute. *Hilliard v. Commonwealth of Pennsylvania*, 438 F.2d 92 (3d Cir. 1971); *Golden Dawn Shops, Inc. v. Department of Housing and Urban Development*, 333 F.Supp. 874 (E.D.Pa. 1971).

If the plaintiff had alleged a civil rights violation pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, the anti-injunction statute would not apply. *Mitchum v. Foster*, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972). In *Mitchum*, the Supreme Court held that actions brought under § 1983 are exceptions to the anti-injunction statute, and that a federal court is not precluded by the statute from sitting as a court of equity to hear the claim of a plaintiff who seeks an order from the court which would have the effect of interfering with a state court proceeding. However, even if the plaintiff had alleged a civil rights violation under § 1983, he would be required to overcome the traditional policy of judicial restraint as enunciated in *Younger v. Harris* [15] and its civil counterpart, *Huffman v. Pursue, Ltd.*[16] These cases hold that, based

---

12. The federal anti-injunction statute provides:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

13. 398 U.S. 281, 90 S.Ct. 1739, 36 L.Ed.2d 234 (1970).

14. 398 U.S. at 286–87, 297, 90 S.Ct. at 1743.

15. 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

16. 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975).

**354**

upon considerations of comity and federalism, a federal court should not interfere, absent exceptional circumstances, in pending state court proceedings.[17] The Court in *Huffman* described the exceptional circumstances pursuant to which a federal court may exercise its equitable powers and intervene in a pending state court proceeding:

> *Younger,* and its civil counterpart which we apply today, do of course allow intervention in those cases where the District Court properly finds that the state proceeding is motivated by a desire to harass or is conducted in bad faith, or where the challenged statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." As we have noted, the District Court in this case did not rule on the *Younger* issue, and thus apparently has not considered whether its intervention was justified by one of these narrow exceptions.[18]

Thus, even if this plaintiff could have fashioned a complaint alleging a civil rights violation under § 1983, this Court could not have proceeded to consider the matter because a review of the record of the state court proceedings shows that the plaintiff would not fit into any one of the above quoted narrow exceptions of the *Younger-Huffman* rule.

Accordingly, the following order is entered:

### ORDER

And now, this 26th day of September, 1975, upon consideration of the Defendants' Motion to Dismiss and the opposition thereto, it is hereby ordered that the Defendants' Motion is granted.

---

17. Although *Huffman* was a state proceeding under a nuisance statute which has similarities to a criminal statute and the Supreme Court made no general pronouncements upon the application of *Younger* to all civil litigation, at least three Circuit Courts of Appeals have applied the *Younger* doctrine to pending state proceeding which were civil in nature. See *Duke v. Texas,* 477 F.2d 244 (5th Cir. 1973); *Lynch v. Snepp,* 472 F.2d 769 (4th Cir. 1973); *Cousins v. Wigoda,* 463 F.2d 603 (7th Cir. 1972).

18. 420 U.S. at 611, 95 S.Ct. at 1212.