**Scott K. McDOUGLE, Jr., Plaintiff,**

v.

**Frank M. CONNOR et al., Defendants.**

**Civ. A. No. 76–0094–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

June 2, 1976.

Ivy P. Blue, Jr., Robert S. Ganey, Hanover, Va., for plaintiff.

John P. Jones, Mechanicsville, Va., D. Patrick Lacy, Jr., Deputy Atty. Gen., Richmond, Va., Robert W. Dervishian, Richmond, Va., for defendants.

Richard L. Shelton, pro se, Clerk, Circuit Court, Hanover, Va.

## MEMORANDUM

MERHIGE, District Judge.

The plaintiff, Scott K. McDougle, Jr., brings this action against Frank M. Connor, guardian of the estate of Hunter H. McDougle, Richard L. Shelton, Clerk of the Circuit Court of Hanover County, the Honorable Robert T. Armistead, Judge Designate of the Circuit Court of Hanover County,[1] Elizabeth B. McDougle, and Raymond H. McDougle for a violation of his rights under the Fourteenth Amendment and Fifth Amendment to the United States Constitution. It is alleged that the amount in controversy exceeds $10,000 exclusive of interest and costs. Jurisdiction is vested on this Court by 28 U.S.C. § 1331. However, the complaint must be dismissed for its failure to state a cause of action. *See Atkins v. School Board of Halifax County*, 379 F.Supp. 1060, 1061 (W.D.1974).

Hunter H. McDougle, whose guardian in the state court action is a defendant herein, executed two deeds, one conveying a parcel of land to the plaintiff, her son, and the other conveying a parcel to another son, Raymond, a defendant herein. Thereafter, Raymond and Elizabeth McDougle, the widow of Hunter's deceased son and a defendant herein, filed an action in the Circuit Court of Hanover County to set aside the two deeds on the basis that Hunter was without sufficient mental capacity to execute the documents. The resident judge of the Circuit Court disqualified himself for personal reasons and Judge Armistead was designated to hear the case.

1. Judge Armistead is the Judge of the Circuit Court of the City of Williamsburg and James City County.

The Circuit Court found that Hunter lacked sufficient mental capacity to execute the deeds and ordered that they be set aside. Scott McDougle, the plaintiff herein, appealed the decision and the Supreme Court of Virginia, without reaching the merits, reversed the trial court's decision on the basis that Hunter McDougle had a material interest in the outcome of the litigation and, therefore, should have been made a party thereto. *McDougle v. McDougle*, 214 Va. 636, 203 S.E.2d 131 (1974). The case was remanded to the Circuit Court in order that Hunter could be made a party and that further proceedings could be conducted. *Id.*

After the case was remanded, a hearing was conducted to determine the competency of Hunter McDougle which resulted in Hunter being declared incompetent and a guardian, defendant Connor, being appointed to represent her interest. Judge Armistead did not preside at the competence hearing. Further proceedings were held with Judge Armistead presiding, and Connor moved that the Judge disqualify himself. The motion was denied, and Connor sought a Writ of Prohibition from the Supreme Court of Virginia prohibiting Judge Armistead from sitting on the case. The Writ was denied. 215 Va. 1 (1974).

█ Judge Armistead again considered the evidence and ordered that the deeds be set aside. Scott McDougle appealed the trial court's ruling, and the Supreme Court of Virginia denied Scott a writ of error, which, in Virginia, constitutes an affirmance of the trial court's order. *Cf. Comer v. Texaco, Inc.*, 514 F.2d 1243 (5th Cir. 1975). In his petition, Scott raised *inter alia* substantially the issues raised in the instant litigation. He did not seek an appeal to the Supreme Court of the United States on the constitutional issues.

The plaintiff argues that he has been or is threatened to be deprived of his property by the "arbitrary, wilful and capricious actions" of Judge Armistead in violation of the complainant's constitutional rights. Apparently, the plaintiff feels that Judge Armistead was biased and should have stepped down from the case, and that he failed to properly consider the evidence presented as to the competence of Hunter H. McDougle.

█ The principles of *res judicata* require that the complaint be dismissed. A state case may not be relitigated in the federal district courts merely because constitutional claims are in issue.

Federal courts are courts of limited jurisdiction and are empowered to hear only those cases which have been entrusted to them by a Congressional grant of jurisdiction. They have no power to review the judgment of a state court, except where a substantial federal question is involved. In such a case, the final judgment or decree rendered by the "highest court of a State in which a decision could be had," may be reviewed by the Supreme Court of the United States pursuant to the provisions of 28 U.S.C. § 1257. *But federal district courts are limited to cases of original jurisdiction and cannot entertain a proceeding to modify or reverse a state court proceeding. Atlantic Coast Line R. Co. v. Engineers*, 398 U.S. 281, 296, 90 S.Ct. 1739, 1747, 26 L.Ed.2d 234 (1970).

See also *Angel v. Bullington*, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1957); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Resolute Insurance Co. v. State of North Carolina*, 397 F.2d 586 (4th Cir. 1968); *Patterson v. City of Newport News*, 364 F.2d 816 (4th Cir. 1966); *Atkins v. School Board of Halifax County, supra*, 379 F.Supp. 1060 (W.D.Va. 1974). Accordingly, the cause must be dismissed for its failure to state a cause of action upon which relief can be granted.

An appropriate order will issue.