## Richmond

LYNCHBURG COCA-COLA BOTTLING CO., INC.
v. WILLIAM HENRY REYNOLDS.

June 10, 1974.

Record No. 730363.

Present, All the Justices.

*S. J. Thompson, Jr.*, for plaintiff in error.

*Paul Whitehead*, for defendant in error.

Per Curiam.

This action was brought in the court below by William Henry Reynolds against Lynchburg Coca-Cola Bottling Company, Inc. for damages resulting from his drinking a sip or two of a bottled Coca-Cola in which, because of the alleged negligence of the Coca-Cola Company, there was some foreign matter. A jury returned a verdict of $3,000 in favor of Reynolds upon which judgment was rendered. This appeal by the Coca-Cola Company

raises only one issue which merits consideration, and that concerns the amount of the verdict.

On April 26, 1970, about 3 A. M., and while on duty, appellee, a 24-year-old Lynchburg policeman, purchased a Coca-Cola from the Texas Tavern. The clerk opened the bottle and handed it to Reynolds, who started to walk off, drinking it at the same time. Reynolds testified: "I turned ·it up to my mouth and I felt something funny in my mouth and I was still swallowing at the same time. I took the Coke down and looked at it and saw, I guess, about that much foam or mold or mildew or whatever it was, fungus or whatever it was, inside the bottle and at this time I started to feeling sick at the stomach. It had a right bad taste to it and I vomited on the sidewalk."

Appellee testified that a few minutes later he again became sick at his stomach and vomited. He then went to police headquarters where he remained until he got off duty around 7:30 A. M. He said that en route home his stomach felt "jittery", and he purchased a small bottle of Pepto Bismol at a cost of 59 cents. Reynolds lost no time from work but said that when he went on duty the following night he still felt sick at his stomach, "kind of nauseated", and the next day after the incident he "didn't feel like [he] could eat anything".

The jury has found that the foreign substance in the bottle was there because of the negligence of the Coca-Cola Company and that Reynolds was damaged as a result of drinking from the bottle. Our decision in *Norfolk Coca-Cola Bot. Wks.* v. *Land,* 189 Va. 35, 52 S. E. 2d 85 (1949), supports a recovery in the instant case. In *Land* the plaintiff drank from a bottle in which was found a worm. "When she had almost completed the drinking of the contents of her bottle she observed what appeared to be a worm which was attached or stuck to the inside of the bottle near the bottom. She immediately became upset and nauseated. This condition continued during the night and the next day and required medical attention." 189 Va. at 38, 52 S. E. 2d at 86. The jury returned a verdict of $500 which was affirmed by this court. *See also Pepsi-Cola Bottling Co.* v. *McCullers,* 189 Va. 89, 52 S. E. 2d 257 (1949).[1]

---

[1] The court observes that notwithstanding the relevancy of both *Land* and *McCullers,* neither counsel for appellant nor counsel for appellee cited either of these cases in their briefs or in oral argument.

In *Land,* and in the instant case, the nausea of and the vomiting by the plaintiffs followed the observation of the foreign matter in the bottles. While regurgitation is not uncommon, it is an unpleasant experience and a physical reaction caused by many things, some purely mental or psychological.

However, the verdict in the instant case bears no relation to the minimal damages suffered by Reynolds. He sustained an out-of-pocket loss of 59 cents. It was not necessary for him to seek medical aid and none was sought. He lost no time from work. It was a distasteful episode, but one which only caused Reynolds to suffer two spells of nausea, resulting in vomiting, and an aversion to drinking "dark drinks". What we said in *National Cab* v. *Thompson,* 208 Va. 731, 160 S. E. 2d 769 (1968), is applicable here. There, too, a verdict was returned which we held was completely out of line with the damages sustained. We said:

> "We are not unmindful of the weight which attaches to a verdict of a jury approved by the trial judge, but here we find the conclusion inevitable that the award ... bears no reasonable relation to the damages sustained ... and therefore is not supported by, and is contrary to, the evidence. Although the record contains no evidence that the jury was actuated by passion, corruption or prejudice, the verdict is so excessive as to shock the conscience of the court. It creates the impression that the jury misconceived or misunderstood the facts or the law, and is not the product of a fair and impartial decision." 208 Va. at 739, 160 S. E. 2d at 774.

This was a proper case for the trial court to have put the plaintiff on terms to accept a lesser sum, or face a new trial on the issue of damages. In the absence of such action, and being of opinion that the verdict is excessive, we reverse the judgment of the trial court and remand this cause for a new trial limited to the question of damages only.

*Reversed and remanded.*