Sven E. SANDAHL and City Cab, Inc., a corporation, Appellants,

v.

IOWA HOME MUTUAL CASUALTY CO., a corporation, Appellee.

No. 5206.

United States Court of Appeals
Tenth Circuit.

Jan. 11, 1956.

Norman B. Gray, Cheyenne, Wyo. (Herman H. Ross, Anchorage, Alaska, and J. J. Hickey, Cheyenne, Wyo., on the brief), for appellants.

Edward T. Lazear, Cheyenne, Wyo., for appellee.

Before PHILLIPS, Chief Judge, MURRAH, Circuit Judge, and RICE, District Judge.

PER CURIAM.

This appeal involves the liability of the appellee under its automobile insurance policy issued to Darleen Anson, insuring her against liability for bodily injury to the limit of $15,000 for each person, and $30,000 for each accident. The declarations in the policy stated that the insured's address was Riverton, Wyoming, and that the automobile would be "principally garaged" there.

The insured had lived with her family in Riverton, Wyoming, for many years until 1950, when she went to Anchorage, Alaska, to work as a "cafe operator". In October 1951, she returned to Riverton, and on January 25, 1952, purchased the automobile in question. In March 1952, she returned to Alaska, and on the following September 11th was involved in an accident, resulting in suits for personal injury and property damage by the appellants here. Appellee insurance company denied liability and refused to defend the suits, contending that since the automobile was not being "principally garaged" in Riverton as represented, the policy was thereby voided. Judgments were subsequently rendered against the insured in Alaska in favor of appellant Sandahl for the sum of $17,278.35 for personal injuries, and for appellant Cab Company in the sum of $3,307.90 for property damage.

When these judgments were not paid, this suit was brought thereon in the United States District Court of Wyoming. On the authority of our recent decision in Republic Indemnity Co. of America v. Martin, 222 F.2d 438, the trial court held that the policy was not voided by any misrepresentation with respect to the place where the automobile was to be principally garaged. The court took the view, however, that the provisions of the Motor Vehicle Financial Responsibility Law of the State of Wyoming, W.C.S. § 60-1521, operated to limit liability thereunder to $5,000 for personal injuries and $1,000 for property damage. This appeal is from a judgment for these amounts, the appellants contending that the limits of the policy are governed by its own terms, and that the compulsory insurance imposed by the Wyoming law is wholly inapplicable and ineffectual.

If, as the trial court held, the policy was not voided for misrepresentations, it is of course in force and effect to the extent of the limitations imposed in the policy and the compulsory liability provisions of the Motor Vehicle Responsibility Law of Wyoming can in no wise condition liability thereunder, as in Farmers Insurance Exchange v. Ledesma, 10 Cir., 214 F.2d 495.

The judgment is accordingly reversed with directions to enter judgment for $15,000 for Sandahl and $3,307.90 for the Cab Company.