(Tr. 1680–1689, 3233–3234; Ex. B–10; Exs. 61–73.)

**W. H. YATES and John W. Gary,
Plaintiffs,**

**v.**

**Herbert H. HODGES and Frances A.
Hodges, Defendants.**

**No. WC679.**

United States District Court
N. D. Mississippi, W. D.
June 16, 1967.

---

*** There has been no evidence as to how many students are tested under the optional program.

M. B. Montgomery, Jackson, Miss., for plaintiffs.

Threadgill & Hicks, W. H. Jolly, Columbus, Miss., for defendants.

CLAYTON, Chief Judge.

## OPINION

Plaintiffs (Yates and Gary) sue here to void a final judgment of the Supreme Court of Mississippi and to enjoin permanently its execution and enforcement. This attack is directed against a money judgment awarded in favor of defendants, Herbert H. Hodges and Frances A. Hodges, against plaintiffs in the amount of $10,400.00 under the factual situation shown by, and for the reasons stated in State Stove Manufacturing Company et .al. v. Hodges et ux., Miss., 189 So.2d 113, decided July 8, 1966. Suggestion of error was filed by plaintiffs, and it was overruled without opinion on September 27, 1966. After that, plaintiffs filed a petition for certiorari in the Supreme Court of the United States which was by that court denied on February 13, 1967, 386 U.S. 912, 87 S.Ct. 860, 17 L.Ed.2d 784 (1966). Thereupon, complaint was filed in this court, and a motion to dismiss was filed by defendants which alleged that there is no substantial federal question presented by the complaint and that this court therefore has no jurisdiction to hear this cause; and, that the judgment of the Supreme Court of Mississippi was and is a final adjudication and res judicata of the issues tendered here. This motion is now for disposition on briefs of the parties.

### I

Although the facts are fully stated in the opinion of the Supreme Court of Mississippi, a summary of facts relevant here is proper. Plaintiffs as contractors were engaged in building homes for others. They were also engaged in the hardware business. They built a home for defendants on a complete job or "lock-and-key" basis for a fixed contract price. After completion of this home, it was occupied by defendants in November, 1962. On July 26, 1963, an electric water heater which had been installed by plaintiffs in this building exploded and substantially destroyed the house and its contents.[1] Suit by way of bill of attachment in chancery was filed by Herbert H. Hodges and his wife which, on its merits, sought damages against Yates and Gary, plaintiffs here, and also sought damages against the manufacturer of the water heater. Specifically, the bill alleged negligence on the part of plaintiffs for installing a *pressure* relief valve in the cold water instead of the hot water line of the heater.[2] However, the bill also alleged generally that Yates and Gary held themselves out to the public and the Hodges as being skilled and experienced general contractors, qualified to construct a dwelling and to install any and all appliances needed in it, and that they were "required to install the hot water heater * * * in such a manner * * * as to not endanger the property, health, lives and safety of complainants * * *." Additionally, the bill averred negligence on

---

1. Fortunately, this explosion occurred when no one was in the building.

2. The *pressure* relief valve was installed properly in the cold water line. It was obtained by Yates and Gary from a source other than the manufacturer.

the part of the manufacturer and joint concurrent negligence on the part of the manufacturer and Yates and Gary.

The set of instructions enclosed with the heater by the manufacturer directed installation of a combination *temperature* and *pressure* relief valve. It contained detailed drawings showing the way to install the prescribed combination valve. There was no contention on the part of Yates and Gary in state court that they followed these instructions and installed the combination valve according to them, and no such contention is made here. Moreover, the manufacturer in state court, inter alia, defended upon the claim that its instructions aforementioned for the installation and operation of the heater were not followed and that the heater was in fact installed improperly by the attachment of certain parts thereto which were not furnished by the manufacturer.[3] Yates and Gary, inter alia, defended upon the basis that the *pressure* relief valve installed by them was of standard manufacture, that it was properly installed by them in the proper line to the heater [4] and that they were guilty of no negligence which proximately caused or contributed to the explosion. Additionally, they admitted the general allegation as to their skill and experience and qualifications to install all appliances needed in the Hodges' house and alleged that the hot water heater was not installed by them in such a manner as to endanger the property, health, lives and safety of the Hodges.

After full hearing in the trial court, a decree was entered fixing liability against the manufacturer and absolving Yates and Gary of any actionable negligence and thus relieving them of liability. There was a direct appeal by the manufacturer and a cross-appeal by the Hodges as to the manufacturer and a direct appeal by the Hodges as to Yates and Gary. The Supreme Court of Mississippi reversed and rendered judgment for the manufacturer and affirmed on the Hodges' cross-appeal as to the manufacturer.[5] On direct appeal of the Hodges as to Yates and Gary, there was a reversal with judgment rendered in that court for the Hodges against Yates and Gary as to liability and damages to the house with a remand solely to fix the amount of damages to the personal property.[6]

## II

The precise claim of Yates and Gary here is that the one and only claim made against them in the state trial court was that they negligently installed the *pressure* relief valve, that no other claim was plead against them by the Hodges and that they had no notice of, or opportunity to defend against any other claim and that, therefore, the Supreme Court of Mississippi was without authority to fix liability against them on any other basis and its actions in so doing deprived them of their rights to due process as given to them by Amendment XIV of the United States Constitution.

In dealing with these plaintiffs, the Supreme Court of Mississippi, 189 So.2d 113, among other things, said:

> * * * [I]t is undisputed that, if Yates and Gary had followed the instructions * * *, the combination valve with a temperature control would have prevented the temperature in the tank from reaching the point where

---

3. Obviously the *pressure* relief valve aforementioned, and a check valve.

4. Their answer alleged, "Defendants deny that they * * * were negligent in installing the pressure valve * * * in the *hot* water line * * *". But, they defended on the theory that its installation in the *cold* water line was proper and safe.

5. The opinion was five to four as to this part, with four dissents.

6. Copies of the bill for attachment, the answer of Yates and Gary thereto, the answer of the manufacturer, a transcript of the oral opinion of the chancery court, copies of the final decree of the trial court, the opinion of the Supreme Court of Mississippi, the judgment entered in the Supreme Court, the suggestion of error of Yates and Gary and the order of the Supreme Court overruling the suggestion of error are exhibited with the complaint filed here.

steam would be produced (312 degrees F.), when the explosion resulted, and where the dip tube would melt.

\* \* \* \* \* \*

And finally, the failure of Yates and Gary to install the prescribed and required temperature relief valve, which would have prevented the explosion, was an intervening, sole proximate cause of the damages suffered by complainants. (Citing authorities)

E. I. Du Pont de Nemours & Company v. Ladner, 221 Miss. 378, 73 So.2d 249 (1954), is directly in point on this issue. There the manufacturer of the chemical compound gave express notice to the processor not to use it for cattle feed. The processor ignored this warning, and its failure to heed it was the intervening, sole proximate cause of the purchaser's damages.

\* \* \* \* \* \*

The bill of complaint charged them [Yates and Gary] with negligence in improperly placing the pressure valve in the cold water line. It further averred that Yates and Gary held themselves up to the public and complainants as being skilled and experienced general contractors, qualified to construct a dwelling and to install any and all appliances needed in it; and that they "were required to install the hot water heater of the complainants in such a manner \* \* \* as to not endanger the property, health, lives and safety of complainants. \* \* "

However, the bill averred also that as a result of the joint concurrent negligence of the defendants the explosion ensued and complainants' home was destroyed. It had a prayer for general relief.

The liability of Yates and Gary rests both upon negligence and also upon strict liability in tort, within the limitations defined above. The specific negligence alleged in the bill (installation of pressure relief valve in cold water line) does not preclude us from determining whether they are liable for negligence and strictly liable in tort. Under the prayer in the bill for general relief, complainants may have any other relief than that specifically prayed if it is within the scope of the facts of the bill, not inconsistent with its purpose, and cannot be said to surprise defendant. Griffith, Miss. Chancery Practice §§ 186, 187 (1950).

\* \* \* \* \* \*

Yates and Gary were more than retailers and wholesalers. They not only sold the water heater to the Hodges, but they constructed the house for them and installed the heater in it. As installed by them, without a temperature valve, *this product was in a defective condition and was not reasonably safe for its intended purpose.* These contractors were engaged in the business of selling and installing such a product in homes constructed by them, and they expected it to reach the user or consumer in that condition. So, they are also strictly liable in tort. (Emphasis added.)

### III

A substantial part of plaintiffs' argument is devoted to the thesis that in taking the action complained of, the Supreme Court of Mississippi failed to apply the jurisprudence of Mississippi. A short answer to these arguments is that, even if plaintiffs' view is accepted arguendo as being correct, this does not confer jurisdiction on this court to entertain this action on that basis. See e. g., Manufacturers Record Publishing Company v. Lauer, 268 F.2d 187 (5 Cir. 1959), cert. den. 361 U.S. 913, 80 S.Ct. 258, 4 L.Ed.2d 184, in which, inter alia, Judge Hutcheson said:

What and all that appellant could have hoped to do below or could hope here was to convince the court that the decision of the Supreme Court of Louisiana was clearly contrary to the established jurisprudence of that state, and, because it was, it was a nullity and therefore subject to collateral attack in a federal court. The law is otherwise written in all the books.

## IV

Plaintiffs assert jurisdiction in this court under 28 U.S.C. § 1331(a) which reads:

The district courts have original jurisdiction over all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States.

Their position is that the actions of the Supreme Court of Mississippi denied to them due process as guaranteed by Amendment XIV to the Constitution of the United States. However, this overlooks the clear prohibition which is contained in 28 U.S.C. § 2283 in the following language:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

■ It is beyond doubt that plaintiffs seek to enjoin "proceedings" within the meaning of this statute. Hill v. Martin, 296 U.S. 393, 56 S.Ct. 278, 80 L.Ed. 293 (1935).

Procedurally, the situation in Levine v. Lacy, 344 F.2d 695 (4 Cir. 1965), was strikingly similar to the case here. A judgment had been obtained by Lacy against Levine in the courts of Virginia. On appeal, the Supreme Court of Appeals affirmed, and the Supreme Court of the United States denied certiorari and also denied a petition for rehearing. A United States district court dismissed a complaint which sought to enjoin enforcement of the state court judgment and also dismissed an amended complaint which asserted that the entry of the state court judgment deprived plaintiffs of the rights of *due process* among other grounds. This last action of the district court was upon the ground that the complaint had "not asserted the deprivation of any right, privilege or immunity secured by the federal Constitution en-

titling him to a retrial * * * of the issues determined by the State courts, or any equitable grounds justifying the entry of an order permanently enjoining * * * " collection of the judgment obtained against plaintiffs in the state court. The order of the district court dismissing for lack of jurisdiction was affirmed.

Warriner v. Fink et al., 307 F.2d 933 (5 Cir. 1962), cert. den. 372 U.S. 943, 83 S.Ct. 937, 9 L.Ed.2d 969, presented a case which seemingly did much more violence to every concept of due process than does the case here. It commenced in federal court with a complaint which sought to enjoin enforcement of a judgment of a Florida court as void. The district court dismissed the complaint for want of jurisdiction, and the Court of Appeals affirmed. In speaking for the court, Judge Rives, inter alia, said:

We are convinced, however, that when the plaintiff failed to seek review by the Supreme Court of the United States of the judgment of the Supreme Court of Florida * * * dismissing her appeal, *she lost the only avenue of relief available to her in the federal courts.* In the light of the anti-junction statute, 28 U.S.C.A. § 2283, and of a number of decisions of the Supreme Court and of this and other Circuits, in which the principles are fully discussed, we hold that the federal district court had no jurisdiction to enjoin the enforcement of, or to set aside, or hold null and void the decree of foreclosure entered by the Circuit Court of Monroe County, Florida. (Emphasis added.)

■ This court relies upon that opinion and the many authorities cited therein, all of which stand for the proposition that this court has no jurisdiction to entertain the suit of Yates and Gary upon their claims as asserted in the complaint filed in this court.

When plaintiffs sought review by the Supreme Court of the United States of the judgment of the Supreme Court of Mississippi, which is placed in question here, they followed the only avenue of

relief available to them in the federal court system. See also Furnish v. Board of Medical Examiners, 257 F.2d 520 (9 Cir. 1958), cert. den. 358 U.S. 882, 79 S.Ct. 123, 3 L.Ed.2d 111, and Norwood v. Parenteau, 228 F.2d 148 (8 Cir. 1955), cert. den. 351 U.S. 955, 76 S.Ct. 852, 100 L.Ed. 1478.

Having traveled the only avenue open to them in the federal system, plaintiffs can travel no further here. An order will be entered dismissing the complaint for want of jurisdiction in this court.