Maude Rotton HALL, Plaintiff,

v.

David W. CROSLAND, District Attorney, Montgomery County, Alabama; Mac-Donald Gallion, Attorney General of Alabama; Alex A. Marks, Judge of the Montgomery County Court; B. W. Summerlin; Ocie C. Thompson; Getral A. Smith; George McKee, Defendants.

Civ. A. No. 3052-N.

United States District Court, M. D. Alabama, N. D.

March 23, 1970.

J. Paul Lowery, Montgomery, Ala., for plaintiff.

No appearance for defendants.

## ORDER

FRANK M. JOHNSON, Chief Judge.

This action, brought under 42 U.S.C.A. § 1983, seeks the convening of a three-judge district court (1) to determine the constitutionality of Title 22, § 255(11) (c) and Title 22, §§ 258(13)–258(20), Code of Alabama; (2) to declare that plaintiff's Fourteenth Amendment rights were violated when she was arrested and her car, home and person were searched; (3) to restrain further prosecution of the plaintiff in the state courts of Alabama and the use of any evidence seized in the searches in such prosecutions; and (4) to require the defendants to return plaintiff's car to her. The complaint alleges that plaintiff was apprehended by Alabama law enforcement officials on February 14, 1970, while she was traveling on U. S. Highway 80. According to the complaint, the officers

searched her and her car and took medicine from her purse; they arrested plaintiff on suspicion that she possessed drugs without a prescription for them. Her car was impounded and she was incarcerated in the Montgomery County Jail. While she was in jail, law enforcement officers broke into and searched plaintiff's house.

On February 18, 1970, defendants secured a warrant for plaintiff's arrest for violating Title 22, § 255(11) (c), Code of Alabama. Plaintiff was served with the warrant that day.

█ Whatever the merits of plaintiff's case, this action is barred by 28 U.S.C.A. § 2283:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

Plaintiff does not suggest what Act of Congress authorizes an injunction in the instant case and this Court is aware of none. Whatever exceptions to the statute may have been created in the First Amendment sphere are completely inapposite here. Instead, this case falls squarely within the language of Footnote 3 in Dombrowski v. Pfister, 380 U.S. 479, 485, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965):

"It is difficult to think of a case in which an accused could properly bring a state prosecution to a halt while a federal court decides his claim that certain evidence is rendered inadmissible by the Fourteenth Amendment. Cf. Cleary v. Bolger, 371 U.S. 392, 83 S.Ct. 385, 9 L.Ed.2d 390; Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138."

█ Furthermore, it is clear that the prohibition under § 2283 against enjoining state court proceedings cannot be avoided by seeking a declaratory judgment. H. J. Heinz Co. v. Owens, 189 F.2d 505 (9th Cir. 1951), cert. denied 342 U.S. 905, 72 S.Ct. 294, 96 L.Ed. 677 (1952). Plaintiff's counsel suggests that Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964), is authority for the maintenance of this type of action in this court. Beck v. Ohio is clearly not applicable since there the matters were litigated through the courts of the State of Ohio and ultimately to the Supreme Court of the United States. Here plaintiff seeks to circumvent the state courts, which she clearly in this instance cannot do.

█ The State of Alabama has begun proceedings against the plaintiff by causing a warrant for her arrest to be issued and served. It is too late to come to the federal courts for an injunction against the enforcement of the Alabama drug abuse laws. Dawkins v. Green, 285 F.Supp. 772 (D.C.Fla.1968); Brooks v. Briley, 274 F.Supp. 538 (D.C.Tenn. 1967), aff'd. 391 U.S. 361, 88 S.Ct. 1671, 20 L.Ed.2d 647 (1968).

Although the complaint in this action is styled an original action, it could be construed as a petition for removal under 28 U.S.C.A. § 1443. In that case it would be due to be remanded to the state court from whence it came. Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966).

█ Therefore, it is clear that this Court does not now have jurisdiction over the subject matter of this action.

Accordingly, it is the order, judgment and decree of this Court that this civil action be and the same is hereby dismissed.