**GOLDEN DAWN SHOPS, INC., a Delaware corporation, Plaintiff,**

v.

**The DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT et al.**

**Civ. A. No. 71-1813.**

United States District Court, E. D. Pennsylvania.

Sept. 1, 1971.

On Motion for Reconsideration Dec. 3, 1971.

Edward L. Snitzer, Mesirov, Gelman, Jaffe & Levin, Philadelphia, Pa., for plaintiff.

Edward G. Donnelly, Jr., Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

FULLAM, District Judge.

Plaintiff, Golden Dawn Shops, Inc. (Golden Dawn) is a women's specialty chain, its main store located at 1232 Market Street in Philadelphia. This property is located within an area designated by the defendant Redevelopment Authority of the City of Philadelphia (RDA) as the "Market Street East Urban Renewal Area," and condemned by RDA pursuant to state law. Plaintiff now presents several federal claims, challenging the authority of defendant United States Department of Housing and Urban Development (HUD) to finance RDA's urban renewal program, and of RDA to proceed with the project. RDA has moved to dismiss the complaint on the grounds that this Court is without subject matter jurisdiction over the case, and that plaintiff's complaint fails to state a claim on which relief can be granted.

### Background

RDA is established pursuant to the Urban Redevelopment Law of 1945, 35 Purdon's Pa.Stat.Ann. § 1701 et seq. (1964), as amended (Supp.1971). *Inter alia*, it has authority to take real property by eminent domain, for the purpose of replanning and redeveloping blighted areas within the City of Philadelphia. *Id.* §§ 1702, 1709(i). Under this author-ity, RDA designated the area, including plaintiff's store, as a blighted area, and commenced proceedings in the Court of Common Pleas of Philadelphia County under the Eminent Domain Code of 1964, 26 Purdon's Pa.Stat.Ann. (Supp.1971), to acquire the property. Plaintiff objected to the taking on various grounds raising issues of state law. The trial court held for RDA, and an appeal is now pending before the Commonwealth Court. During the pendency of the appeal, RDA applied to the Court of Common Pleas for a writ of possession, which was granted, but the execution of which has been stayed until the appeal is argued before the Commonwealth Court on September 9, 1971.

HUD is authorized to make available to local authorities funds in the form of loans and grants for the purpose of assisting in community improvement. 42 U.S.C. §§ 1452–55 (1964), as amended (Supp. I 1969). The statute under which such assistance is authorized requires that the state authority established various programs to aid in the relocation of persons and businesses displaced by an urban renewal project. 42 U.S.C. § 1455 (c) (1) (1964); Uniform Relocation Assistance and Real Property Acquisition Policies for Federal and Federally Assisted Programs Act, Pub.L. No. 91–646, 84 Stat. 1894, §§ 205, 210 (1971) (to be codified at 42 U.S.C. §§ 4625, 4630). Plaintiff alleges that RDA has not complied with these provisions, and seeks to enjoin the expenditure of federal or state funds, and further activities, with respect to the Market Street project. Plaintiff further seeks a declaration that 42 U.S.C. § 1455(c) (1964) violates the equal protection clauses of the Fifth and Fourteenth Amendments because it provides greater protection for individuals and families displaced by a project than for business concerns.

Plaintiff next alleges that the Market Street project's goals do not satisfy the criteria established by HUD for determining priority consideration. For this

further reason, plaintiff demands injunctive relief against federal funding, state expenditures, and further activities.

Finally, plaintiff demands that HUD and RDA be enjoined "from undertaking any activities to evict, vacate, or otherwise interfere with the business of Golden Dawn, directly or indirectly, until HUD and this Court rule upon the merits of the allegations set forth herein."

## Discussion

Plaintiff has properly alleged the existence of an issue arising under federal law. The statute establishing federal question jurisdiction, 28 U.S.C. § 1331 (1964), requires an allegation of an amount in controversy exceeding $10,000, with which plaintiff has not complied. Since it appears likely that the amount in controversy does exceed $10,000, leave will be granted to the plaintiff to supply the necessary allegation by amendment.

In its motion to dismiss, defendant RDA contends that the Federal Anti-Injunction Act, 28 U.S.C. § 2283 (1964), deprives this Court of jurisdiction to entertain plaintiff's action. That section provides as follows:

> "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

RDA argues that the relief sought by plaintiff would deprive RDA of the fruits of its state court proceedings, and therefore would violate § 2283.

To the extent that plaintiff seeks to enjoin defendants [1] from taking steps to evict plaintiff, the RDA's argument is valid.[2] Since RDA has commenced an action in state court to have Golden Dawn evicted, the requested relief would fly in the face of § 2283's bar against interference with state judicial proceedings. *See* Hilliard v. Commonwealth of Pennsylvania, 438 F.2d 92, 93–94 (3d Cir. 1971).

If plaintiff's complaint could be brought within the provisions of the Civil Rights Act of 1871, 42 U.S.C. § 1983 (1964), the Anti-Injunction Act's bar would not apply. Cooper v. Hutchinson, 184 F.2d 119 (3d Cir. 1950). Plaintiff has alleged a deprivation under color of state law, of "rights * * * secured by the * * * laws [of the United States]," and therefore comes within the language of § 1983. Since the decision in Hague v. C. I. O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939), however, it has been recognized that not all deprivations of federal rights are within the scope of the Civil Rights Act. The Court of Appeals for the Third Circuit has recently stated its "inclination" toward the view that § 1983 "was not designed to support a cause of action, the 'gist' of which is damage or injury to property." National Land & Investment Co. v. Specter, 428 F.2d 91, 99 (3d Cir. 1970). Plaintiff has alleged violations of rights which fall on the "property" side of the difficult-to-draw line between "property" and "civil" rights, and therefore cannot claim the benefits of § 1983.

In any event, plaintiff has conceded (Plaintiff's Memorandum of Law Contra Defendants' Motion to Dismiss,

---

1. That the complaint is directed against the parties to the state court proceeding, rather than against the state court, is irrelevant for determining § 2283's applicability. Atlantic C.L.R.R. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 287, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970).

2. RDA's contention that § 2283 operates to deprive this Court of jurisdiction is, however, incorrect. Baines v. City of Danville, 337 F.2d 579, 593 (4th Cir. 1964), cert. denied, Chase v. McCain, 381 U.S. 939, 85 S.Ct. 1772, 14 L.Ed.2d 702 (1965). American Optometric Ass'n v. Ritholz, 101 F.2d 883, 887 (7th Cir.), cert. denied, 307 U.S. 647, 59 S.Ct. 1047, 83 L.Ed. 1527 (1939). The statute is a limitation on the exercise of the Court's equity jurisdiction.

at 6) that in view of the state court's stay of the eviction order, it is not necessary for this Court to enter an injunction. Thus, for the moment, there is no dispute. Plaintiff, however, argues against dismissal on the ground that "[w]hat the future may require, at the moment, is unpredictable, and it would be premature for this Court now to dismiss * * *." Plaintiff has not suggested any set of circumstances in which granting the requested relief would not violate the Anti-Injunction Act, and this Court cannot imagine any. Conclusion of the state court proceedings would not present such a situation, as an injunction against enforcement of a judgment would likewise be prohibited. *E. g.*, Atlantic C. L. R. R. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 287, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970); Jos. L. Muscarelle, Inc. v. Central Iron Mfg. Co., 328 F.2d 791, 793 (3d Cir. 1964).

■ Plaintiff argues that because it presented only state law issues to the state court, § 2283 is inapplicable. If plaintiff had not been permitted to present its federal questions in the state court proceeding, arguably this Court should not be barred from enjoining those proceedings. *See* Caulder v. Durham Housing Authority, 433 F.2d 998, 1002 (4th Cir. 1970), cert. denied, 401 U.S. 1003, 91 S.Ct. 1228, 28 L.Ed.2d 539 (1971). However, it appears that such questions could have been entertained, pursuant to 26 Purdon's Pa.Stat. Ann. § 1–406(a) (1), allowing the court in a condemnation proceeding to determine "the power or right of the condemnor to appropriate the condemned property * * *."

Accordingly, defendant's motion to dismiss will be granted to the extent the complaint seeks to enjoin defendant from evicting plaintiff.

■ Next, plaintiff seeks an injunction against RDA's activities with respect to the project until RDA complies with the statutory provisions concerning relocation. To the extent that the request seeks directly to stay the eviction of Golden Dawn, the motion to dismiss must be granted, for the reasons stated above. Insofar as other activities are contemplated, the motion will be denied. It is conceivable that some form of relief may ultimately be justified which would not require this Court to stay a pending state proceeding. It is clear that if any relief is deemed appropriate, it will not be precluded "merely because a holding in the case might be *res judicata* on the same parties litigating the same issue in a state court." Allegheny County v. Frank Mashuda Co., 360 U.S. 185, 198, 79 S.Ct. 1060, 1068, 3 L.Ed.2d 1163 (1959). Accordingly, I will not now foreclose the possibility of any relief.

Similarly, with respect to the demand for an injunction until RDA complies with the HUD criteria, the motion to dismiss will be granted only insofar as the injunction sought would directly stay the pending state proceeding.

■ Finally, plaintiff seeks a declaration that 42 U.S.C. § 1455(c) (1964) is unconstitutional. The Supreme Court has recently held that, at least as to criminal cases, where a federal court cannot enjoin the state proceeding, it may not issue declaratory relief. Samuels v. Mackell, 401 U.S. 66, 69–74, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971). The rationale was stated to be that "ordinarily a declaratory judgment will result in precisely the same interference with and disruption of state proceedings that the long-standing policy limiting injunctions was designed to avoid." Id. at 72, 91 S.Ct. at 767. Although *Samuels* was not a § 2283 case, and was not a civil case, its rationale appears to apply equally here. Accordingly, defendant's motion to dismiss will be granted to the extent the relief sought by plaintiff would directly affect the eviction action.

Defendant HUD is not a party to the motion to dismiss, and therefore is unaffected by the order entered herein.

## ON MOTION FOR RECONSID-
### ERATION

Plaintiff has moved for reconsideration of the Court's order of September 1, 1971, dismissing so much of the complaint as sought to enjoin or stay the pending state court eminent domain proceeding. That order was based on the Federal Anti-Injunction Act, 28 U.S.C. § 2283 (1964). The memorandum accompanying the order expressed the view that § 2283 might not apply if the state court did not permit federal claims to be presented. The motion for reconsideration asserts that such claims may not in fact be presented in Pennsylvania eminent domain proceedings, and therefore that the Court erred in assuming the contrary.

The question whether the state courts will entertain plaintiff's federal claims can be decided authoritatively only by those courts. There is, of course, some federal constitutional obligation for state courts to hear federal questions, e. g., Testa v. Katt, 330 U.S. 386, 67 S.Ct. 810, 91 L.Ed. 967 (1947), but the requirement is not absolute. States may insist, for example, that their procedural rules governing the presentation of defenses (federal or otherwise) be followed. It would be inappropriate for this Court to assume that the Pennsylvania courts would refuse to consider plaintiff's federal claims, particularly since plaintiff has made no attempt to secure adjudication of its federal claims in that forum.

Accordingly, it would be premature at this time to reconsider the earlier order, or to decide whether inability to have federal claims adjudicated in a state court makes § 2283 inapplicable.[1]

---

1. Defendant objected to the motion for reconsideration on the ground that it was not timely filed. I have concluded that the "reasonable time" standard of Fed. R.Civ.P. 60(b) (6) is applicable, and was met here.