James M. GARRETT

v.

Martin HOFFMAN, Secretary of the United States Army, William Andrews, Major General, Commander of the U.S. Army Finance and Accounting Center, R. J. Withington, Director, Retired Pay Operations, U.S. Army Finance and Accounting Center, and Deirdre Staer Garrett.

Civ. A. No. 77–150.

United States District Court,
E. D. Pennsylvania.

Nov. 2, 1977.

J. Richard Gray, Lancaster, Pa., for plaintiff.

Alfred A. Gollatz, Asst. U. S. Atty., Philadelphia, Pa., for defendants (Federal).

### OPINION

LUONGO, District Judge.

This case presents a constitutional challenge to 42 U.S.C. § 659 (Supp. V 1975),[1] which authorizes the garnishment of wages or other benefits due from the United States in order to satisfy "legal obligations to provide child support or make alimony payments." Plaintiff, James M. Garrett, a retired officer of the United States Army, brought this action against the Secretary of the Army and other Army officials (hereinafter referred to as "the federal defendants"), and against Deirdre S. Garrett, his ex-wife. The federal defendants have moved to dismiss the complaint for want of subject-matter jurisdiction. For the reasons hereafter stated, I conclude that dismissal of the complaint on the ground asserted is not warranted.

The essential facts of this case are undisputed. James Garrett married Deirdre in 1945. In 1960, an Alabama court dissolved the marriage and awarded Deirdre alimony of two hundred dollars per month. In 1976 Deirdre, then a resident of Florida, brought an action against James in the Circuit Court of Pinellas County, Florida, which resulted in a default judgment that (1) established the Alabama divorce decree as a judgment of the Florida court, (2) ordered James to pay alimony of two hundred dollars per month to Deirdre, (3) found James to be in arrears on alimony payments of $18,240, and (4) ordered execution on the sum in arrears. The Florida court also issued a writ of garnishment[2] addressed to the United States Army. *See* 42 U.S.C. § 659 (Supp. V 1975).

By reason of his years of service in the United States Army and in the United States Army Reserves, James Garrett receives "retired pay" of $477.54 per month. *See* 10 U.S.C. § 3889 (1970). On or about December 19, 1976, James received a letter from one of the federal defendants, R. J. Withington, Director of Retired Pay Operations for the Army, stating that James' retired pay for the month of December 1976 had been garnished by Deirdre and would be paid over to her, in care of her attorneys, pursuant to the writ of garnishment. James' retired pay for that month was in fact paid over in this manner. The letter also stated: "Future retired pay may be subject to collection if additional valid writs of garnishment are received." It appears from the record that James' retirement pay for March, 1977, has been or will be paid over to Deirdre pursuant to a second writ of garnishment.

---

1. 42 U.S.C. § 659 provides:

   "Notwithstanding any other provision of law, effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States (including any agency or instrumentality thereof and any wholly owned Federal corporation) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments."

   Section 659 and certain related provisions of Title 15 were amended by § 501 of the Tax Reduction and Simplification Act of 1977, Pub.L. No. 95–30, 91 Stat. 126. Thus, § 659 appears at 42 U.S.C.A. § 659(a) (Sept., 1977 Supp.).

2. Plaintiff presumably received no notice that the writ had been issued, since Florida's post-judgment garnishment procedure does not provide notice to the debtor. *See* Fla.Stat.Ann. §§ 77.01, 77.03, 77.04, 77.07, 77.08 (West Supp. 1977); *Brown v. Liberty Loan Corp.*, 392 F.Supp. 1023, 1031–38 (M.D.Fla.1974), *rev'd on other grounds*, 539 F.2d 1355 (5th Cir. 1976), *cert. denied*, 430 U.S. 949, 97 S.Ct. 1588, 51 L.Ed.2d 797 (1977).

James Garrett filed the complaint in this case on January 14, 1977, seeking declaratory and injunctive relief. Jurisdiction is based on general federal question jurisdiction, 28 U.S.C. § 1331(a), and on the Mandamus Act, 28 U.S.C. § 1361. Plaintiff contends that 42 U.S.C. § 659, which waived the United States' sovereign immunity and allowed writs of garnishment to reach funds held by the United States, is unconstitutional as applied to him. Plaintiff resides in Pennsylvania, while his former wife, Deirdre, resides in Florida, and the Army's Finance and Accounting Center is located in Indiana. The challenged statute is silent as to where a multistate garnishment proceeding such as this one shall be deemed to take place and as to what law shall govern such a proceeding. In this case, the Florida court garnished all of James' retired pay for two months, although under Pennsylvania law that pay apparently would not have been subject to garnishment. *See* 42 P.S. § 886 (1966); Pa.R.Civ.P. 1271. Plaintiff argues that because the statute fails to address the choice-of-law problems created by multistate garnishment, it has deprived him of a federal entitlement in a manner so arbitrary as to violate the due process clause of the Fifth Amendment. Without further comment on this argument, I note only that it has sufficient substance to afford a basis for § 1331(a) jurisdiction as a claim that "arises under" the Constitution. *See generally Osborn v. Bank of the United States*, 22 U.S. (9 Wheat.) 738, 822, 6 L.Ed. 204 (1824); *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 379, 5 L.Ed. 257 (1821). *See also Popple v. United States*, 416 F.Supp. 1227 (S.D.N.Y. 1976).

Because the ultimate disposition of this motion turns on the nature of the relief requested, I have set out in full plaintiff's prayer for relief. References therein to "42 U.S.C. § 459" should be understood to refer to § 459 of the Social Security Act, 42 U.S.C. § 659 (Supp. V 1975), which is the provision at issue here.

"*RELIEF REQUESTED*

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Assume jurisdiction in this case.

B. After notice and hearing, issue a preliminary and permanent injunction, enjoining Defendants Martin Hoffman, William Andrews and R. J. Withington, from reducing Plaintiff's retired pay pursuant to Title 42 U.S.C. § 459.

C. Declare Title 42 U.S.C. § 459 as unconstitutionally in violation of the Plaintiff's right to due process of law as guaranteed by the Fifth Amendment of the United States Constitution.

D. Declare that the garnishment taking place in the present case is taking place in Pennsylvania and that the exemptions from execution provided by Pennsylvania law should apply.

E. Declare that the garnishment issued by the Florida Court in the present case is invalid, and that Title 42 U.S.C. § 459 requires execution to issue in the state where the Plaintiff is domiciled, Pennsylvania.

F. Declare that Title 42 U.S.C. § 459 does not permit garnishment for attorney's fees.

G. Declare that Title 42 U.S.C. § 459 does not permit garnishment for alimony arrearages reduced to judgment.

H. Declare that Title 42 U.S.C. § 459 does not permit garnishment for alimony arrearages that arose prior to the passage of said act.

I. Issue a writ in the nature of mandamus compelling Defendants Martin Hoffman, William Andrews and R. J. Withington to perform their clear legal duties plainly owed to Plaintiff, to wit: paying retired pay to the Plaintiff as due.

J. Award Plaintiff all back benefits due and the costs of this case.

K. Grant such further relief as is deemed appropriate."

Complaint at 9–10.

The federal defendants argue that the complaint should be dismissed for want of subject-matter jurisdiction inasmuch as the relief sought is barred by 28 U.S.C. § 2283 (1970). Section 2283, which has been described as "[t]he first, and still the most comprehensive statutory limitation upon

federal judicial interference with state judicial power," [3] provides:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

I must determine at the outset whether part or all of the relief sought here is in fact barred by § 2283.

Plaintiff's prayer for relief is in large part phrased as a request for declaratory relief. "As a technical matter, actions for a declaratory judgment are not barred by [§ 2283]." 6A Moore's Federal Practice ¶ 57.08[6–2], at 57–64 (2d ed. 1948) (footnote omitted); see Fiss, Dombrowski, 86 Yale L.J. 1103, 1123 (1977). The statute has not, however, been applied in a technical fashion. As the late Judge Hastie stated:

"True, the statute explicitly prohibits only injunctions. Its analogical extension to prohibit declaratory judgments is justified in situations where the underlying policy against unseemly interference with proper state litigation applies to both." *Thiokol Chem. Corp. v. Burlington Indus., Inc.*, 448 F.2d 1328, 1332 (3d Cir. 1971), cert. denied, 404 U.S. 1019, 92 S.Ct. 684, 30 L.Ed.2d 668 (1972).

Although the issue can scarcely be viewed as settled, the reported decisions support the proposition that § 2283 bars at least some forms of declaratory relief.[4] The cases fall into two major categories: (1) cases in which a litigant sought through federal relief to interfere with a pending state proceeding,[5] and (2) cases in which a litigant resorted to federal court in an effort to invalidate, or prevent enforcement of, a state court judgment.[6] Although the

---

**3.** 1A Moore's Federal Practice ¶ 0.208[1] (2d ed. 1948). Section 2283 is derived from § 5 of the Act of March 2, 1793, 1 Stat. 335. For a discussion of the historical origins of the statute, see *Toucey v. New York Life Ins. Co.*, 314 U.S. 118, 130–34, 62 S.Ct. 139, 86 L.Ed. 100 (1941).

**4.** See, e. g., *Chandler v. O'Bryan*, 445 F.2d 1045, 1058 (10th Cir. 1971) (semble), cert. denied, 405 U.S. 964, 92 S.Ct. 1176, 31 L.Ed.2d 241 (1972); *Goss v. Illinois*, 312 F.2d 257, 259 (7th Cir. 1963) (alternative holding); *Manufacturers Record Publishing Co. v. Lauer*, 268 F.2d 187, 191–92 (5th Cir.) (by implication), cert. denied, 361 U.S. 913, 80 S.Ct. 258, 4 L.Ed.2d 184 (1959); *Nongard v. Burlington County Bridge Comm'n*, 229 F.2d 662, 665 (3d Cir. 1956); *H. J. Heinz Co. v. Owens*, 189 F.2d 505, 508 (9th Cir. 1951), cert. denied, 342 U.S. 905, 72 S.Ct. 294, 96 L.Ed. 677 (1952); *NLRB v. Committee of Interns & Residents*, 426 F.Supp. 438, 443–44 (S.D.N.Y.1977). But see *Perez v. Ledesma*, 401 U.S. 82, 128–29 n. 18, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971) (Brennan, J., concurring); *Puerto Rico Int'l Airlines, Inc. v. Recio*, 520 F.2d 1342, 1344 n. 3 (1st Cir. 1975).

**5.** See *Thiokol Chem. Corp. v. Burlington Indus., Inc.*, 448 F.2d 1328, 1332 (3d Cir. 1971), cert. denied, 404 U.S. 1019, 92 S.Ct. 684, 30 L.Ed.2d 668 (1972); *H. J. Heinz Co. v. Owens*, 189 F.2d 505, 508–09 (9th Cir. 1951), cert. denied, 342 U.S. 905, 72 S.Ct. 294, 96 L.Ed. 677 (1952); *NLRB v. Committee of Interns & Residents*, 426 F.Supp. 438, 443–44 (S.D.N.Y.1977); *Dresser Indus., Inc. v. Insurance Co. of North*

America, 358 F.Supp. 327 (N.D.Texas), aff'd mem., 475 F.2d 1402 (5th Cir. 1973); *Golden Dawn Shops, Inc. v. Department of HUD*, 333 F.Supp. 874, 878 (E.D.Pa.1971) (semble); *Hartsville Theatres, Inc. v. Fox*, 324 F.Supp. 258, 262–64 (D.S.C.1971) (alternative holding); *Doe v. Randall*, 314 F.Supp. 32 (D.Minn.1970) (three-judge court) (per curiam) (on petition for rehearing), aff'd mem. sub nom. *Hodgson v. Randall*, 402 U.S. 967, 91 S.Ct. 1656, 29 L.Ed.2d 132 (1971); *Hall v. Crosland*, 311 F.Supp. 106, 107 (M.D.Ala.1970); *Koen v. Long*, 302 F.Supp. 1383, 1400 (E.D.Mo.1969); *Brooks v. Briley*, 274 F.Supp. 538, 553 (M.D.Tenn.1967) (alternative holding (three-judge court), aff'd per curiam, 391 U.S. 361, 88 S.Ct. 1671, 20 L.Ed.2d 647 (1968); *Zwicker v. Boll*, 270 F.Supp. 131, 136 (W.D.Wis.1967) (three-judge court) (Fairchild, J., concurring), aff'd per curiam, 391 U.S. 353, 88 S.Ct. 1666, 20 L.Ed.2d 642 (1968).

**6.** See *Chandler v. O'Bryan*, 445 F.2d 1045, 1058 (10th Cir. 1971) (semble), cert. denied, 405 U.S. 964, 92 S.Ct. 1176, 31 L.Ed.2d 241 (1972); *Goss v. Illinois*, 312 F.2d 257 (7th Cir. 1963) (alternative holding); *Nongard v. Burlington County Bridge Comm'n*, 229 F.2d 622, 625 (3d Cir. 1956); *Manufacturers Record Publishing Co. v. Lauer*, 268 F.2d 187 (5th Cir.) (by implication), cert. denied, 361 U.S. 913, 80 S.Ct. 258, 4 L.Ed.2d 184 (1959); *Joachim Memorial Home v. Askew*, 404 F.Supp. 1154 (D.N.D.1975); *Cunningham v. A. J. Aberman, Inc.*, 252 F.Supp. 602, 605 (W.D.Pa.1965) (alternative holding), aff'd per curiam, 358 F.2d 747 (3d Cir. 1966); *Rockefeller v. First Nat'l Bank*, 154 F.Supp. 122 (S.D.Ga.1957).

decisions in the first category are more directly supported by the language of § 2283 than are those in the second category, numerous cases involving injunctive relief clearly establish that § 2283 proscribes restraints on the enforcement or execution of judgments.[7] This traditional judicial gloss on § 2283 in the context of injunctive relief provides significant support for the declaratory judgment cases in the second category. See also note 9 infra.

In determining whether the declaratory relief sought in a particular case is barred by § 2283, careful consideration should be given to the "essential character and purpose" of the suit. H. J. Heinz Co. v. Owens, 189 F.2d 505, 508 (9th Cir. 1951), cert. denied, 342 U.S. 905, 72 S.Ct. 294, 96 L.Ed. 677 (1952). A litigant may not defeat the policy underlying § 2283—the avoidance of "needless friction between state and federal courts"[8]—by framing the action as one for a declaratory judgment rather than as one for an injunction. E. g., Dresser Indus., Inc. v. Insurance Co. of North America, 358 F.Supp. 327, 330 (N.D.Tex.1973); Brooks v. Briley, 274 F.Supp. 538, 553 (M.D.Tenn. 1967) (alternative holding) (three-judge court), aff'd per curiam, 391 U.S. 361, 88 S.Ct. 1671, 20 L.Ed.2d 647 (1968); Rockefeller v. First Nat'l Bank, 154 F.Supp. 122, 125 (S.D.Ga.1957); C. Wright, Federal Courts § 47, at 204–05 (3d ed. 1976).[9]

**7.** E. g., In re Glenn W. Turner Enterprises Litigation, 521 F.2d 775, 779 (3d Cir. 1975); Jennings v. Boenning Co., 482 F.2d 1128, 1135 n. 7 (3d Cir.) (point assumed but not decided), cert. denied, 414 U.S. 1025, 94 S.Ct. 450, 38 L.Ed.2d 316 (1973); Jos. L. Muscarelle, Inc. v. Central Iron Mfg. Co., 328 F.2d 791, 793 (3d Cir. 1964); cf. Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 287, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970) ("It is settled that the prohibition of § 2283 cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding.").

**8.** Oklahoma Packing Co. v. Oklahoma Gas & Elec. Co., 309 U.S. 4, 9, 60 S.Ct. 215, 84 L.Ed. 447 (1939).

**9.** Professor Wright states that the decisions supporting this proposition "will require re-examination" in light of Steffel v. Thompson, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). C. Wright, Federal Courts § 47, at 204–05 (3d ed. 1976). I am persuaded, however, that, at least in a case such as this, where the litigant seeks to "obtain a federal adjudication contrary to the state judgment," Steffel does not diminish the force with which § 2283 applies to declaratory relief. H. J. Heinz Co. v. Owens, 189 F.2d 505, 508 (9th Cir. 1951), cert. denied, 342 U.S. 905, 72 S.Ct. 294, 96 L.Ed. 677 (1952).

The Supreme Court held in Steffel that the Younger doctrine is no bar to a federal declaratory judgment action by a plaintiff faced with a threatened, but not yet pending, state prosecution. See generally Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); Samuels v. Mackell, 401 U.S. 66, 68–69, 73–74, 91 S.Ct. 764, 27 L.Ed. 688 (1971). Justice Brennan's opinion for the Court emphasized that a declaratory judgment "is a much milder form of relief than an injunction," 415 U.S. at 469–71, 94 S.Ct. at 1221, and that the unavailability (for want of irreparable injury) of injunctive relief does not entail the unavailability of declaratory relief. Id. at 471–72, 94 S.Ct. 1209. In the context of a challenge to a state criminal statute, the difference between federal injunctive relief and federal declaratory relief can indeed be dramatic. As Justice Brennan pointed out, "[t]he declaration does not necessarily bar prosecution under the statute, as a broad injunction would." Id. at 470, 94 S.Ct. at 1221. See also Trainor v. Hernandez, 431 U.S. 434, 445, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977) (effect of injunction barring application of state attachment statute). This is because the federal court might declare only that the statute is vague or overbroad, and thereby preserve the possibility of successful prosecution of unprotected conduct that is proscribed by the statute.

In the context of a challenge to a state court judgment, however, the difference between injunctive and declaratory relief is greatly diminished. An injunction against enforcement or execution of a judgment, be it civil or criminal, affects only the case in which the judgment was rendered, and so does not impose nearly as broad a restraint as does an injunction against enforcement of a state statute. A declaration that the state judgment is invalid or unconstitutional, while it is not coercive, "has virtually the same practical effect as a formal injunction would." Samuels v. Mackell, 401 U.S. 66, 72, 91 S.Ct. 764, 768, 27 L.Ed.2d 688 (1971); cf. Public Service Comm'n v. Wycoff Co., 344 U.S. 237, 247, 73 S.Ct. 236, 97 L.Ed. 291 (1952) (federal declaratory judgment as res judicata in state proceeding) (dictum). Although the unavailability (on § 2283 grounds) of injunctive relief should not "inevitably [lead] to a denial of declaratory relief," Steffel v. Thompson, 415 U.S. at 472, 94 S.Ct. at 1222, the two forms of

■ The federal defendants here argue that this action "is in essence an attempt by plaintiff to invalidate and enjoin enforcement of the Florida judgment by resort to federal court." Government's Memorandum of Law at 4. Plaintiff responds to this by stating that he "does not here question the validity of the Florida judgment, or the garnishment proceedings." Plaintiff's Memorandum of Law at 8. Rather, he asserts, this lawsuit challenges only "the Federal defendants' actions in failing to pay the plaintiff retired pay to which he is entitled." *Id.* I cannot accept plaintiff's contention. An examination of the relief requested in his complaint makes it abundantly clear that plaintiff is ultimately attacking the Florida court's writs of garnishment. To begin with, plaintiff explicitly seeks a declaration "that the garnishment issued by the Florida court in the present case is invalid." Prayer for Relief, supra, ¶ E. Furthermore, a ruling in plaintiff's favor on the merits of his constitutional argument would entail the conclusion that the United States' consent to suit, expressed in 42 U.S.C. § 659, is invalid, and that the Florida writs could not reach plaintiff's retired pay while the United States still held the funds. *See generally Williams v. Williams*, 427 F.Supp. 557, 558 (D.Md. 1976); *Applegate v. Applegate*, 39 F.Supp. 887, 889–90 (E.D.Va.1941); S.Rep.No. 93–1356, 93d Cong., 2d Sess. ——, *reprinted in* [1974] U.S.Code Cong. & Admin.News 8133, 8157. Similarly, a declaration that § 659 is constitutional but that the garnishment process in this case is governed by Pennsylvania law would also mean that the Florida writs could not reach plaintiff's retired pay. *See* 42 P.S. § 886 (1966); Pa.R.Civ.P. 1271.

Plaintiff's request for a declaration that § 659 authorizes neither garnishment for attorney's fees [10] nor garnishment for alimony arrearages that arose prior to the enactment of § 659 [11] presents a slightly different problem. Because plaintiff's retired pay accrues monthly and must be garnished by a new writ each month,[12] a declaratory judgment that some portion of the debt reduced to judgment could not be garnished would not diminish the force of either *existing* writ. Such a judgment would, however, create the potential for conflict should the Florida court later issue a writ that, when served, would raise the total amount garnished above the amount that, by the terms of the judgment, is authorized in this case under § 659. The avoidance of such potential conflicts is at least an implicit purpose of § 2283. *See H. J. Heinz Co. v. Owens*, 189 F.2d 505, 509 (9th Cir. 1951), *cert. denied*, 342 U.S. 905, 72 S.Ct. 294, 96 L.Ed. 677 (1952). Finally, the requested relief by way of injunction and writ of mandamus would also flout the prohibition of § 2283, inasmuch as a Florida writ, once served on the federal defendants, renders them liable to defendant Dierdre Garret for plaintiff's accrued retired pay for the month in question. Fla.Stat.Ann. § 77.06(1) (West Supp.1977); 3 Florida Jurisprudence § 112, at 277–78 (1955). Thus, an order requiring the federal defendants to remit plaintiff's retired pay to him would conflict with any writs of garnishment subsequently issued by the Florida court, and, if applicable retrospectively, would vitiate the earlier writs with which the federal defendants have already complied. In short, because the relief sought in this action would effectively set aside the Florida

relief are far less distinct in the context of an attack on a state court judgment than they are in the context of an attack on a state statute. Accordingly, I conclude that *Steffel v. Thompson* does not impair the rule that § 2283 denies a federal court power "either to grant an injunction against enforcement of the state court judgment or to do so indirectly by declaring such judgment to be unconstitutional." *Joachim Memorial Home v. Askew*, 404 F.Supp. 1154, 1156 (D.N.D.1975).

10. I take judicial notice that the 1977 amendments to the Social Security Act expressly pro-

vide for garnishment to satisfy a court order requiring the debtor to pay attorney's fees. Act of May 23, 1977, Pub.L.No. 95–30, § 501(d), 91 Stat. 126, 159–60 (to be codified at 42 U.S.C. § 462(b), (c)).

11. At least one court has rejected this contention. *See Pellerin v. Pellerin*, 534 S.W.2d 767, 768–69 (Sup.Ct. of Ark.1976).

12. *See generally* Act of May 23, 1977, Pub. L.No. 95–30, § 501(b), 91 Stat. 126, 157–58 (to be codified at 42 U.S.C. § 659(e)).

court's writs of garnishment, that relief is barred by § 2283. *Accord, Wilson v. Withington,* No. 76–61 (M.D.Pa. Jan. 13, 1977).

Several other arguments require brief discussion. First, the holding in *Lynch v. Household Finance Corp.,* 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972), that § 2283 did not bar federal injunctive relief against the operation of the Connecticut garnishment statutes, may be thought to control this case. *Lynch,* however, dealt with Connecticut's distinctive *pre-judgment* garnishment procedure, which authorized a creditor's attorney "to garnish or attach property without any participation by a judge or clerk of the court." 405 U.S. at 555, 92 S.Ct. at 1123. The Court held that "[b]ecause of the extrajudicial nature of Connecticut garnishment," an injunction restraining application of the state statute would not affect "proceedings in a State court" within the meaning of § 2283. *Id.* at 556, 92 S.Ct. 1113. The writs involved in this case, however, were issued by a clerk of the Florida court pursuant to that state's *post-judgment* garnishment procedure. *See generally* Fla.Stat.Ann. § 77.03 (West Supp. 1977). Moreover, the blank form used for the writs requires the garnishee to file his answer with the court. Finally, Florida law provides: "The court to which a garnishment is returnable shall always be open for hearing motions to dissolve the garnishment." Fla.Stat.Ann. § 77.07(1) (West Supp.1977). Because *Lynch* was explicitly premised on the "extrajudicial nature" of the Connecticut procedure, and because the Florida post-judgment procedure followed here is readily distinguishable from the Connecticut procedure involved in *Lynch,* I conclude that *Lynch* is not controlling here.[13] *See also Trainor v. Hernandez,* 431 U.S. 434, 445 n. 9, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977) (Illinois attachment procedure a pending court proceeding within the *Younger* doctrine; *Lynch* distinguished).

Furthermore, plaintiff may not bypass § 2283 on the ground that he is attacking a state court *writ* rather than a state court judgment. The "strong and consistently recognized national policy to avoid . . . needless conflict or friction between state and federal courts" would be seriously undermined if the federal courts were empowered to interfere with the state courts' writs and other forms of process. *See Lynch v. Household Finance Corp.,* 405 U.S. 538, 559–60, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972) (White, J., dissenting). As interpreted by the Supreme Court, "proceedings in a State court" as used in § 2283 "includes all steps taken or which may be taken in the state court or by its officers from the institution to the close of the final process." *Hill· v. Martin,* 296 U.S. 393, 403, 56 S.Ct. 278, 282, 80 L.Ed. 293 (1935) (footnote omitted). I hold that the Florida writs of garnishment involved here fall squarely within this interpretation of § 2283. *But cf. Lynch v. Household Finance Corp.,* 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972); n. 13, *supra.*

There remain to be considered the three exceptions contained in § 2283. The Declaratory Judgment Act does not come within the "expressly authorized" exception. *Maryland Cas. Co. v. Pacific Coal & Gas Co.,* 312 U.S. 270, 274, 61 S.Ct. 510, 85 L.Ed. 826 (1941) (by implication); *Ballard v. Mutual Life Ins. Co.,* 109 F.2d 388, 390 (5th Cir. 1940); *Rosenstiel v. Rosenstiel,* 278 F.Supp. 794, 801 (S.D.N.Y.1967); 1A Moore's Federal Practice ¶ 0.220, at 2604 n. 11 (2d ed. 1948). *Contra, Pacific Fire Ins. Co. v. C.C. Anderson Co.,* 42 F.Supp. 917, 920 (D. Idaho 1942). *See generally Vendo Co. v. Lektro-Vend Corp.,* 433 U.S. ——, —— – ——, 97 S.Ct. 2881, 2886–92, 53 L.Ed.2d 1009 (1977) (plurality opinion); *Mitchum v. Foster,* 407 U.S. 225, 233–38, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972). The relief sought by plaintiff is not "necessary in

---

**13.** I also note that *Lynch* was a 4–3 decision, and one that is not easily reconciled with the traditional expansive interpretation of "proceedings in a State court." *See* H. Friendly,

Federal Jurisdiction: A General View 98 (1973). *See generally Hill v. Martin,* 296 U.S. 393, 403, 56 S.Ct. 278, 80 L.Ed. 293 (1935).

aid of" this court's jurisdiction, even assuming *arguendo* that the Florida court's writs served to deprive plaintiff of a constitutional right. As the Supreme Court stated in *Atlantic Coast Line R. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 296, 90 S.Ct. 1739, 1748, 26 L.Ed.2d 234 (1970):

> "Nor was an injunction necessary because the state court may have taken action which the federal court was certain was improper . . . . Again, lower federal courts possess no power whatever to sit in direct review of state court decisions. If the union was adversely affected by the state court's decision, it was free to seek vindication of its federal right in the Florida appellate courts and ultimately, if necessary, in this Court."

*See also Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. ——, —— – ——, 97 S.Ct. 2881, 2892–93, 53 L.Ed.2d 1009 (1977) (plurality opinion). Much the same may be said as to plaintiff Garrett.

■ Finally, § 2283 excepts injunctions issued "to protect or effectuate [the federal court's] judgments." Plaintiff would have me decide the merits of this case pursuant to the Declaratory Judgment Act and then issue an injunction to "protect or effectuate" those judgments. I decline to engage in the "circuitous nullification of Section 2283 through resort to the device of a declaratory judgment." *Hartsville Theatres, Inc. v. Fox*, 324 F.Supp. 258 (D.S.C.1971). *See also Samuels v. Mackell*, 401 U.S. 66, 72,

91 S.Ct. 764, 27 L.Ed.2d 688 (1971) (injunction issued to "protect or effectuate" prior declaratory judgment would be "clearly improper interference" with pending criminal proceeding). A litigant's prayer for declaratory relief should ordinarily be assessed under § 2283 on the understanding that if such relief is granted, an injunction may then be requested. Where, as here, the declaratory relief itself would violate § 2283, plaintiff's two-step argument presents little difficulty. Harder questions may arise in a case where only the subsequent injunction would run afoul of the policy expressed in § 2283, but I decide only the case before me.

■ Although the relief sought by plaintiff is barred by § 2283, it does not follow that this court lacks jurisdiction over the action. *See, e. g., Hilliard v. Commonwealth of Pennsylvania*, 438 F.2d 92, 94 (3d Cir. 1971); *Golden Dawn Shops, Inc. v. Department of HUD*, 333 F.Supp. 874, 877 n. 2 (E.D.Pa.1971). The Anti-Injunction Act is not jurisdictional,[14] notwithstanding the occasional decisions to the contrary.[15] Were I faced with a motion to dismiss the complaint for failure to state a claim upon which relief may be granted, Fed.R.Civ.P. 12(b)(6), I would in all likelihood grant the motion. Such a motion is not before me, however, and as § 2283 does not deprive this court of jurisdiction over the action, I must deny the federal defendants' motion to dismiss the complaint.

---

**14.** *See Smith v. Apple*, 264 U.S. 274, 278–80, 44 S.Ct. 311, 68 L.Ed. 678 (1924); *Sovereign Camp Woodmen of the World v. O'Neill*, 266 U.S. 292, 45 S.Ct. 49, 69 L.Ed. 293 (1924); *Toucey v. New York Life Ins. Co.*, 314 U.S. 118, 154 n. 24, 62 S.Ct. 139, 86 L.Ed. 100 (Reed, J., dissenting); *Hilliard v. Commonwealth of Pennsylvania*, 438 F.2d 92, 94 (3d Cir. 1971); *First Nat'l Bank & Trust Co: v. Village of Skokie*, 173 F.2d 1 (7th Cir. 1949) (*semble*); 1A Moore's Federal Practice ¶ 0.208[2], at 2305–06 n. 8 (2d ed. 1948); *id.* ¶ 0.208[3.–1], at 2313 n. 6.

The decisions not infrequently confuse the question whether § 2283 requires dismissal of an action where all the relief sought is barred by the statute with the question whether § 2283 admits of equitable exceptions to the general prohibition on injunctive relief. *See, e. g.*,

*Machesky v. Bizzell*, 414 F.2d 283, 287 (5th Cir. 1969); *Tyler v. Russel*, 410 F.2d 490 (10th Cir. 1969); *Baines v. City of Danville*, 337 F.2d 579, 593 (4th Cir.) (en banc), *cert. denied*, 381 U.S. 939, 85 S.Ct. 1772, 14 L.Ed.2d 702 (1965). Only the former question is properly termed "jurisdictional." *Cf. Bethlehem Mines Corp. v. United Mine Workers of America*, 476 F.2d 860, 862–63 n. 1 (3d Cir. 1973) (discussing the Norris-LaGuardia Act).

**15.** *See In re Sawyer*, 124 U.S. 200, 219–21, 8 S.Ct. 482, 31 L.Ed. 402 (1888) (alternative holding); *Ex parte Schwab*, 98 U.S. 240, 242, 25 L.Ed. 105 (1878); *Kadash v. City of Williamsport*, 362 F.Supp. 1343, 1345–46 (M.D.Pa.1973); *Yates v. Hodges*, 269 F.Supp. 519, 523 (N.D. Miss.1967); note 14, *supra*.